In the Matter of the Estate of ANNA M. DEXTER, Deceased.

Surrogate's Court, New York County, December 6, 1928.

*Harrison, Elliott & Byrd,* for the petitioners.

*Stewart & Shearer,* for United States Trust Company and another, as executors, etc., of Julia Pinkney, deceased.

*Mary Coleman,* for Rose Coleman Shaw.

*Davies, Auerbach & Cornell,* for Domestic and Foreign Mission Society.

FOLEY, S. In this accounting proceeding the court is asked to construe the will of testatrix. Paragraph 8 of the will gives all of the residuary estate to the executors " in trust to receive the rents, income and profits thereof and to pay over the same to my sister, Julia Pinkney, so long as she shall live and upon her death I give, devise and bequeath the principal of my residuary estate and any accrued income thereon which has not been paid over to my sister, Julia Pinkney, to Louise Ewing Dexter."

The testatrix died on December 6, 1926. The life tenant died on December 29, 1927, one year and fifteen days after the issuance of letters, having been paid only $5,000 of the income directed by the will to be paid to her. The residuary trust was never set up by the executors, and a large sum, representing income earned by the estate, is shown by the account to be in their hands.

As to the income which had accrued on investments at the date of the life tenant's death, but which was not receivable by the executors at that time, it is conceded that *Matter of Juilliard* (238 N. Y. 499) is controlling authority for the rule that under the language of this will such income is payable to the remainderman. The direction to pay over the " accrued income " to the remainderman constituted a lawful stipulation against apportionment. (Surrogate's Court Act, § 204.)

This leaves but one question to be determined, namely, whether the testatrix intended by the direction to pay to the remainderman " any accrued income " that all of the income received by the executors from the date of her death to the date of the death of the life tenant, and not paid to the latter during her lifetime, should be paid over to the remainderman instead of to the estate of the life beneficiary. I hold that the testatrix intended payment of such income to the life tenant. This construction is not only in accordance with the purpose indicated in the will, but is consistent with validity. The ordinary rule is that the life tenant of a residuary trust, such as that created here, is entitled to receive income from the date of the death of the testatrix. (*Matter of Bird,* 241 N. Y. 184; *Matter of Stanfield,* 135 id. 292; *Matter of Benson,* 96 id. 499; *Cooke* v. *Meeker,* 36 id. 15.). There is no indication in the language

used in this will that this rule of construction should be departed from.

It is contended also that a gift over of income accumulated during the period of administration is not forbidden by the statute against accumulations. The argument advanced in support of that contention is that the testatrix knew that the life beneficiary, because of her advanced age, might die before she received any of the income, and, therefore, in such an event she disposed of the income of her residuary estate received during the executorial year to Louise E. Dexter. The will contains no such limitation in its language, but if it did, it would be void. The question here is not what disposition should be made of income accruing during the year of administration on a residue given absolutely. If Louise E. Dexter had been bequeathed the residuary estate free of any trust, then the income earned by the entire estate during its administration would have passed to her as part of the gift of the residue. But such is not the case here. She was given a remainder interest in a trust estate, the income from which was to be paid to Julia Pinkney " so long as she shall live." If the testatrix intended that the income be accumulated for the first year of administration, or for any period whatsoever, the will would be invalid to that extent as in violation of our statute against accumulations. (Pers. Prop. Law, § 16; *Matter of Lamb*, 182 App. Div. 180, 188; affd., 224 N. Y. 577.) The rule above stated which governs payment of *income from trust estates*, and not the rule governing outright gifts, must, therefore, be applied. The words " accrued income " in this will must be construed as they are commonly used, to mean income for the current period which was earned upon investments, but which was not yet payable to the executors or trustees at the time of the termination of the trust. (*Matter of Juilliard, supra.*) I hold, therefore, that all of the net income which had been actually received at the date of the death of the life tenant, or which was due to and collectible by the executors at or before that time, should now be paid to the estate of the deceased life tenant, less the amount paid her in her lifetime. The amount of such net income due under my determination may be computed in accordance with the stipulation of the parties.

Submit decree on notice construing the will and settling the account accordingly.