In the Matter of the Estate of MICHAEL DREICER, Deceased.

Surrogate's Court, New York County, December 31, 1934.

*Hannon & Evans* [*Jeremiah P. Lyons* of counsel], for the remaindermen, Maisie S. Whyte and others.

*William C. Orr*, for the Fifth Avenue Bank of New York, as a trustee.

*Edgar J. Kohler*, for Mary Dreicer, as trustee.

*Bertram Lichtenberg*, for Frances D. Herzog and another, as executrices, etc., of Gitel Dreicer, deceased.

FOLEY, S. The surrogate deems it unnecessary to hear oral argument on the question raised in this trustees' accounting. The question is purely one of law involving a construction of the will and has been adequately briefed by counsel.

By the fourth paragraph of his will the testator created a trust for the benefit of his mother during her life. This paragraph of the will provides that upon the death of the mother the trustees are " to hold and dispose of said fund, and any accrued income thereon, as part of my residuary estate." The will creates three separate trusts of the residuary estate for the benefit of the testator's widow and two sons respectively.

The testator's mother died December 6, 1932. Her executors and one of the trustees contend that income earned to the date of her death but not due and collectible at that time should now be paid to her estate.

I hold that the direction to dispose of the fund " and any accrued income thereon " as part of the residuary estate is a lawful stipulation against apportionment within the purview of section 204 of the Surrogate's Court Act. (*Matter of Juilliard*, 238 N. Y. 499; *Matter of Dexter*, 134 Misc. 195.) Practically identical language was similarly construed by me in *Matter of Dexter* (*supra*). In *Matter of Watson* (144 Misc. 213, at p. 232) Surrogate SLATER pointed out the distinction between the phrases " accrued income " and " accumulated income." He thus distinguished the cases holding that there could be a stipulation against the apportionment of " accrued income " from the cases holding that there could be no such stipulation as to " accumulated income." His decision on this point was affirmed in the Appellate Division and in the Court of Appeals (237 App. Div. 625; modfd., 262 N. Y. 284).

It is further contended that the direction in the will to dispose of the accrued income as part of the residuary estate is a direction to add such income to the principal of the residuary trusts which would result in an illegal accumulation in violation of the statute.

(Pers. Prop. Law, § 16.) No such construction can be placed on the language of the will. The income in question is in the same category as all other income which is not payable to the estate of a deceased life tenant in the ordinary case where primary and secondary trusts are created. The fund in question was specifically earmarked as income by the testator. He made no express direction to add such income to the principal of the residuary trusts. He will not be presumed to have intended an illegal accumulation. (*Matter of Rooker*, 248 N. Y. 361.)

The income in question should, therefore, be distributed proportionately to the life beneficiaries of the residuary trusts.

It is now conceded that the other two items of income set forth in the petition should be paid to the estate of the deceased life beneficiary.

Submit decree on notice construing the will and settling the account accordingly.