In the Matter of the Estate of MARGARET E. SCOTT, Also Known as MAGGIE E. SCOTT, Deceased.

Surrogate's Court, Westchester County, July 26, 1938.

*John L. Class*, for George B. Class, as trustee, petitioner.

*Clarence H. Bleakley*, special guardian.

MILLARD, S.  The will of this decedent was admitted to probate on August 30, 1930.  By paragraph " Third " of her will she bequeathed to George B. Class (this petitioner) the sum of $20,000, in trust, for the following purposes: to hold the sum of $10,000 in trust for the sole use and benefit of her mother, Susan Class, and to pay the income therefrom to her during her lifetime, with remainder over to her sons, A. Irving Scott and Stanley DeF. Scott, share and share alike or to their respective issue, *per stirpes*, if either be dead, or to the survivor, if either shall have died without issue; the remaining $10,000 to be held in trust for the sole use and benefit of Frances L. Scott, a sister-in-law of testatrix, and the income therefrom paid to her during her lifetime, with remainder over to the said A. Irving Scott and Stanley DeF. Scott, share and share alike, or their issue, *per stirpes*, if either be dead, or to the survivor, if either shall have died without issue.

Susan Class, the mother of decedent, having predeceased her, the $10,000 trust fund created for her benefit under paragraph " Third " of the will, never came into existence.

On January 19, 1931, the accounting trustee received the sum of $9,900 from the executors of this estate, the same being the principal of the trust created for the benefit of Frances L. Scott under the provisions of said will, less the sum of $100, the transfer tax assessed thereon.  On January 21, 1931, at the request of the life beneficiary and the remaindermen of this trust, the trustee invested $9,000 of the trust funds in a guaranteed first mortgage certificate, representing an entire bond and mortgage, on realty situated in the city of Yonkers, and $900 in a guaranteed first mortgage participation certificate on property located in the city of Mount Vernon. The trust terminated with the death of the life beneficiary on December 16, 1935.  At that time the interest in default on the Yonkers mortgage, to which the life beneficiary was entitled, amounted to $708.75.  On September 25, 1936 the trustee took title to the real property covered by said mortgage, accepting a deed in lieu of foreclosure.  On December 31, 1937, the trustee deeded the property to the remaindermen of the trust, obtaining

from the latter an agreement to pay to him such sum of money, if any, as might be found by the court, in connection with the settlement of his account, to be due to the life beneficiary as her apportioned share and interest to the date of her death in this salvage operation. On the same date the trustee transferred to the remaindermen the mortgage certificate for $900 participating in the mortgage covering the Mount Vernon property, which was accepted by them in lieu of the proceeds of its sale.

The question now raised by the trustee is whether the estate of the deceased life beneficiary has any right to a part of the proceeds of the salvage operation because of the arrears of interest unpaid on the mortgage at the time of her death, and if so, how is the value of this interest to be calculated. By their waiver filed in this proceeding the remaindermen have submitted themselves to the jurisdiction of the court and agreed to pay to the trustee such amount as the court may find to be due and payable by them. In his petition the trustee has prayed for such determination and decree, and in his account he sets up two methods of calculating the amount due the life beneficiary: one, taking the day on which the trustee took the deed of the property in lieu of foreclosure, and the other taking the date on which the trustee conveyed the property to the remaindermen as the dates as of which such respective calculations are to be made.

The real property here acquired by deed in lieu of foreclosure was personalty in the hands of the trustee. (*Matter of Lathers,* 122 Misc. 543, 544, and cases cited.) The ultimate salvage represents an interest-bearing investment and represents or reflects both capital and accrued income, of which there should be an apportionment. Upon the termination of the trust, the duty remained with the testamentary trustee as such to divide the personal property and to distribute it. Included within the fund was the real estate which had been accepted by the trustee in lieu of foreclosure. Until the act of distribution and division should be fully performed, the administration of the trust is not complete. (*Matter of Miller,* 257 N. Y. 349, 355.) The trustee, therefore, had the right, under the circumstances existing here, to take over the real property and operate the same until it was liquidated either by sale or acceptance in kind by the remaindermen. The latter brought about the liquidation by accepting a deed to the premises from the trustee, and then, for the first time, the question of the respective rights of the life beneficiaries and remaindermen of the trust estate could be adjudicated. The question, therefore, arises, should the death of the life beneficiary, or the date of the completion of the salvage operation be taken

as the date for the calculation of the apportionment, and was the salvage operation complete when the trustee accepted the deed in lieu of foreclosure or when the remaindermen took title from him? I hold that the date of the transfer of title to the remaindermen should be taken as the primary date for the making of calculations with respect to the amount due the estate of the life beneficiary and the remaindermen, respectively, for it was upon that date that the salvage operation became complete. (*Matter of Pinkney,* 208 App. Div. 181; affd., 238 N. Y. 602) and that said calculations should be made in the manner suggested in *Matter of Chapal* (269 N. Y. 464) and *Matter of Otis* (276 id. 101).

Settle decree accordingly.