In the Matter of the Accounting of the BROOKLYN TRUST COMPANY as Successor to the MECHANICS BANK as Substituted Trustee of the Trust for the Benefit of EDWARD WHITAKER under the Last Will and Testament of ELLEN C. McMANUS, Late of the County of Kings, Deceased.   ANNIE M. VERRY, Appellant; BROOKLYN TRUST COMPANY, as Trustee under the Will of ELLEN C. McMANUS and JANE F. WHITAKER, Individually and as Executrix, etc., of EDWARD WHITAKER, Respondents.— Appeal by the remainderman of a testamentary trust from so much of a decree of the Surrogate's Court, Kings county, as adjudges that a certain clause in the will does not constitute an express stipulation that accrued income should not be apportioned.   Decree, in so far as appealed from, reversed on the law, with costs to each party filing a brief, payable out of the estate, and matter remitted to the Surrogate's Court, Kings county, with directions that a decree be entered adjudging that the clause in question constitutes, in effect, an express stipulation that accrued income should not be apportioned, and that the trustee account accordingly.   (*Matter of Juilliard*, 238 N. Y. 499, 510; *Matter of Dreicer*, 155 Misc. 817; *Matter of Dexter*, 134 id. 195.)   The cases upon which respondent Whitaker relies — *Matter of Chapal* (269 N. Y. 464) and *Matter of Otis* (276 id. 101) — merely formulate rules for the guidance of trustees in the administration of property taken

over in foreclosure, and have no application here. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.