Laurence D. Wood, S.
Three questions are raised for decision in connection with the second and third paragraphs of clause ‘ ‘ Fourth A ” of the will of Edward N. Lowry which are as follows:
‘ ‘ I direct my Trustee to keep and hold the same and to collect and receive the rents, income and profits therefrom, and after paying all taxes and charges of any kind properly payable by the trustee upon or in respect of said trust fund or the income thereof, to apply and pay over such net income in equal quarterly *592 installments to my wife, Mary E. Lowry, during her natural life or until the principal of said fund shall have been exhausted and in addition thereto to pay to her $3,500.00 annually from the principal of said fund until her death or until the said fund shall have been exhausted.
“ In the event my said wife shall die before the principal of said trust fund shall have been exhausted, I give and bequeath such principal then remaining, together with all unpaid interest thereon, to those legatees mentioned in clause “ Fourth B ” of this Will who shall survive me in the same proportions as specified in Clause Fourth B hereof.”
The questions to be determined are whether the annual principal payments were to begin on June 4, 1958, the date of the testator’s death, or on June 4, 1959, one year after his death, whether the estate of the life beneficiary is entitled to a prorata share of the annual principal payment for the number of days she lived following the date of the last principal payment to her, to wit: 359/365 of $3,500, and whether dividends declared on the stock of the trust prior to her death and interest accrued prior to her death should be paid to the life beneficiary’s estate, or to the remaindermen.
Where a dividend is declared during the period of a trust and is payable to shareholders of record on a date prior to the termination, the dividend is income although it is not payable until a date after the termination of the trust. The date of accrual of any dividend on such stock shall be the date specified by the corporation declaring such dividend as that on which the stockholders of record entitled to such dividend are to be determined, to wit: the date of record, or if there be no such date, the date of declaration. (Personal Property Law, § 17-e.)
Such dividends are not subject to apportionment under section 204 of the Surrogate’s Court Act, since not considered declared at fixed periods within the meaning of that section. (Matter of Alling, 186 Misc. 192, 201.)
It will be noted that the phrase employed in the will is that upon the wife’s death “ such principal then remaining together with all unpaid interest thereon ” is to be paid to the remaindermen. The word ‘ ‘ income ” or “ dividends ’ ’ is not used.
Hence, if this is to be construed as a direction against apportionment of income, it would not apply to the dividends. In the absence of a valid direction against the apportionment of dividends, section 17-e of the Personal Property Law should control their distribution.
The payments from principal of $3,500 annually were payable 12 months from the date of death and annually thereafter. *593 (Kearney v. Cruikshank, 117 N. Y. 95; Matter of Ferris, 3 N Y 2d 70, 77.)
Section 204 of the Surrogate’s Court Act provides for apportionment of payments of every description made payable or coming due at fixed periods. Since the annual payment of principal became due on a fixed date, it should be apportioned. The life beneficiary died on May 29, 1962, 359 days after the last annual payment of $3,500 from principal and her estate is entitled to an apportionment of 359/365 of an annual $3,500 payment.
It is to be noted that “ unpaid interest ” on the principal is directed to be paid to the remaindermen. This constitutes a direction against apportionment within the exception to section 204 of the Surrogate’s Court Act of such unpaid interest for the quarter during which the life beneficiary died, so that such interest and, of course, any subsequently earned interest is payable to the remaindermen. (Matter of Juilliard, 238 N. Y. 499, 509, 510; Matter of McManus, 282 N. Y. 420, 424.)
After the payment of the annuity from principal and the cash dividends as above set forth, all income cash on hand at the date of the life tenant’s death is payable to the estate of the life tenant, while all other income accrued but not received at her death is distributable to the remaindermen under the direction against apportionment together with the balance of the principal.