■ In the Matter of the Estate of BEN BAILESON, Deceased. DAVID B. GOODMAN et al., as Executors of BEN BAILESON, Deceased, Respondents-Appellants; FLORA BAILESON, Appellant-Respondent; HAROLD L. STRAUSS, as Special Guardian for HAROLD BANK, an Infant, et al., Respondents.— In a proceeding by the executors of the estate of Ben Baileson, deceased, pursuant to statute (Surrogate's Ct. Act, § 145-a), to determine the validity of the notice filed by the testator's widow under section 18 of the Decedent Estate Law, in which she elected to take her intestate share of the estate, the parties cross-appeal as follows from a resettled decree of the Surrogate's Court, Queens County, entered April 1, 1964 upon reargument: (1) The widow appeals from so much of the resettled decree as adjudged that she is not entitled to a general or absolute right of election but only to a limited right of election. (2) The executors cross-appeal from so much of the resettled decree as directed them to pay out of the estate a counsel fee of $1,000 to the widow's attorney " for the services rendered by him for her in this proceeding." Decree, insofar as appealed from, modified on the law as follows: (1) by striking out the second decretal paragraph which declares that the widow is not entitled to take her intestate share absolutely, and that her notice of election to do so is invalid; (2) by striking out the third and fourth decretal paragraphs which declare that she has a limited right of election; and (3) by substituting therefor a paragraph declaring: (a) that the notice of election heretofore filed by the widow is valid; (b) that, pursuant to section 18 of the Decedent Estate Law, she is entitled to take her intestate share absolutely; and (c) that, pursuant to said section 18, she is entitled to the difference between the aggregate amount of the testamentary provisions and her intestate share (one third of the net estate outright). As so modified, the decree, insofar as appealed from, is affirmed, with costs to all parties filing briefs, payable out of the estate; and matter remitted to the

Surrogate's Court, Queens County, for further proceedings not inconsistent herewith. No questions of fact have been considered. After making several minor bequests, the will provides a trust of one third of the residuary estate for the testator's widow for life, with income to be paid to her in quarter-annual installments. Article VIII of the will also provides that: "Income accrued but not due at the time of the termination of any estate hereunder shall, when due, belong to and be payable to the beneficiary entitled to the next eventual estate." In our opinion, this direction constitutes a lawful stipulation against apportionment of income within the meaning of section 204 of the Surrogate's Court Act (*Matter of McManus,* 282 N. Y. 420; *Matter of Aaronson,* 20 A D 2d 133). Where, as here, a will stipulates against apportionment of income, the testamentary bequests to the widow must be deemed to be less than the minimum prescribed by the statute (Decedent Estate Law, § 18) and, hence, she is entitled to elect to take against the will (*Matter of Aaronson, supra*). This right of election entitles the widow to the difference between the aggregate of the testamentary provisions and her intestate share of one third of the net estate outright, and not (as the Surrogate held) merely to the difference between the aggregate of the testamentary provisions and the statutory equivalent of her intestate share provided by section 18 of the Decedent Estate Law (*Matter of Wittner,* 301 N. Y. 461; *Matter of Schmidt,* 282 N. Y. 787; *Matter of Aaronson, supra*). Under the circumstances here, the allowance of a counsel fee to the widow's attorney was proper. To determine the validity of the widow's right of election, it was necessary to construe the will, particularly article VIII thereof quoted above; and it was necessary to determine whether this article contained a lawful stipulation against apportionment. Where the validity of a widow's notice of election depends upon the result of a testamentary construction, the court is empowered to allow a counsel fee to any party to the proceeding. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.