## DEERING v. PIERCE.

(Supreme Court, Appellate Division, First Department.  February 2, 1912.)

1. TRUSTS (§ 61*)—TESTAMENTARY TRUST—TERMINATION—DEATH OF BENEFICI-
    ARY.
        The death of a life beneficiary under a testamentary trust does not
    of itself sever the trustee's relation to the fund; but he still continues
    as trustee until the amount of the fund in his hands, and to whom he
    shall pay it, shall be judicially determined.
        [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 83–87; Dec. Dig.
    § 61.*]

2. TRUSTS (§ 61*)—ACTION FOR ACCOUNTING—JURISDICTION.
        A testamentary trust can only be determined after an accounting in
    the Surrogate's Court or in a court of equity, to which the persons in-
    terested are made parties.
        [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 83–87; Dec. Dig.
    § 61.*]

3. TRUSTS (§ 305*)—ACTION FOR ACCOUNTING—JURISDICTION.
        An action for an accounting by a testamentary trustee may be main-
    tained in the Supreme Court, since from its equitable powers it has con-
    trol over testamentary trustees in the discharge of their duties, whether
    affecting real or personal property.
        [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 421–426; Dec.
    Dig. § 305.*]

Appeal from Special Term, New York County.

Action by James R. Deering, as receiver, etc., of Curtis A. Barnum, against Carlton B. Pierce. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Carlton B. Pierce, for appellant.
Frank S. Williams, for respondent.

McLAUGHLIN, J.  In 1883 one Abijah Barnum died, leaving a will in which the defendant was named as trustee. The will was admitted to probate, and letters testamentary issued to the defendant. By the will the testator gave to his widow the use of certain real estate, including furniture and personal property in a dwelling thereon, during her life, and at her death gave the same to his son Curtis. The trustee named in the will was authorized and empowered, if the widow so desired, to sell the real estate, invest the proceeds, and apply the income derived therefrom to her benefit during her life, and upon her death to assign and transfer the same to the son. Some time after the death of the testator the widow desired the real estate sold, and the trustee, complying with her request, sold the same and received therefor $4,000, and paid the income derived from such fund to her up to the time of her death, which occurred on the 16th of April, 1911. Shortly after the death of the widow the plaintiff, a receiver appointed in proceedings supplementary to execution, demanded that the defendant pay to him the "said fund of $4,000."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The demand not having been complied with, two days later this action was brought.

The complaint alleges that between 1885 and 1887 certain judgments were recovered against the son Curtis, upon which proceedings supplementary to execution were instituted, and the appointment of the plaintiff as the successor of a receiver duly appointed therein; that the plaintiff duly qualified, and has since been and now is acting as such receiver. It also sets forth a portion of the will of Abijah Barnum, the appointment of the defendant as trustee thereunder, sale of the real estate, the proceeds derived therefrom, payment of the income to the widow, her death, that the defendant now has in his possession the fund of $4,000, which he has refused to pay to the plaintiff after a demand, and that the defendant has wrongfully converted said sum of $4,000 to his own use, for which judgment is demanded.

The answer attempted to deny certain allegations of the complaint, and as a separate and distinct defense alleged that the defendant was appointed a testamentary trustee by the will referred to; that he accepted the trust; that he received the $4,000 trust fund referred to in the complaint, and still holds the same, but no accounting has been had by him; that his expenses and commissions have not been paid, or any balance ascertained of the sum due the remainderman; and that he is liable for said fund only in a proper accounting as trustee, to which the son Curtis is a party. The answer also set up several other separate defenses, including one to the effect that all of the judgments referred to in the complaint were recovered more than 20 years prior to the commencement of this action, that no payments had been made upon them, and the indebtedness represented by them had not been acknowledged by the judgment debtor or any one else.

After issue had been joined, the plaintiff moved for judgment on the pleadings. The motion was granted, and the appeal is from the order.

A slight consideration of the facts set out in the complaint and answer, concerning which no issue is raised, would seem to indicate, without the citation of any authorities, that the plaintiff is not entitled to judgment on the pleadings. The defendant is a testamentary trustee, and the $4,000 which the plaintiff is seeking to reach came into his hands, and he now holds the same, or the investments represented by it, as such. He has not accounted. His expenses and commissions have not been ascertained or paid, nor has it been ascertained what fund or investments he now holds, other than the originally received $4,000.

[1, 2] It is at least a novel proposition that a testamentary trustee, immediately upon the death of the life beneficiary, becomes personally liable for the amount of the trust fund originally received in an action for conversion. If such an action could be maintained, it is not difficult to imagine that a competent and responsible person would hesitate to act as testamentary trustee. But such an action cannot be maintained, and for the obvious reason that the death of the life beneficiary does not, in and of itself, sever the trustee's relation to the fund. He still continues as trustee thereof until it has been judi-

cially determined the amount of the fund he holds and to whom he shall pay it. Such determination can only be had after an accounting, either in the Surrogate's Court or in a court of equity, in a proceeding instituted or an action brought for that purpose, to which all persons interested are made parties.

Husted v. Thomson, 7 App. Div. 66, 39 N. Y. Supp. 971, affirmed 158 N. Y. 328, 53 N. E. 20, is decisive of the question. It was there held that an action at law, by a beneficiary of a trust created by a will, could not be maintained until the trust had been closed and the balance ascertained. Under the conceded facts, the remaindermen here could not maintain an action, and the plaintiff is certainly in no better position than the remainderman would be. Before the plaintiff can compel the payment to him of the fund, or any part of it, the trustee must have accounted. The right to compel an accounting in the Surrogate's Court is given by section 2807 of the Code of Civil Procedure.

[3] An action may also be maintained in the Supreme Court for an accounting, because from its equitable powers it has control over testamentary trustees in the discharge of their duties, whether affecting real or personal estate.

In reaching the foregoing conclusion, I have not deemed it necessary to consider or pass upon the other defenses pleaded. This can be done upon the accounting.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.