FIRST TRUST & DEPOSIT COMPANY AND GWYNN W. HOYT, AS GUARDIANS OF THE PROPERTY OF WILLARD C. LIPE, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIRST TRUST & DEPOSIT COMPANY AND GWYNN W. HOYT, AS GUARDIANS OF THE PROPERTY OF GORDON C. LIPE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIRST TRUST & DEPOSIT COMPANY AND GWYNN W. HOYT, AS GUARDIANS OF THE PROPERTY OF SUZANNE H. LIPE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 90749, 90750, 90751. Promulgated January 19, 1940.

Benjamin E. Shove, Esq., for the petitioners.
Thomas H. Lewis, Jr., Esq., for the respondent.

OPINION.

LEECH: Respondent has included one-third of the trust income from the insurance trust for the years 1933, 1934, and 1935, in the income of each of the wards of these petitioners. He has also refused to allow the trustee to deduct from the 1933 gross income, said to be distributable to the guardians of the three children, an amount paid as interest in 1933 on a Federal estate tax deficiency as well as amounts paid in 1933 on account of Federal estate taxes and New York inheritance taxes.

Petitioners assume that, because the proceeds of the insurance paid to the insurance trust were a part of decedent's statutory gross estate for Federal estate tax purposes, the insurance trust income includes the income of the estate of W. Charles Lipe, deceased, the settlor of that trust. From this premise they argue that section 161 (a) (3)[1] and section 162 (c)[2] of the Revenue Acts of 1932 and 1934, apply and the conclusion then follows, they say, that since none of the contested income was "properly paid or credited" during any of the taxable years to the beneficiaries, the respondent erred in including any of this income in that of any of the beneficiaries during those years.

We agree with respondent that petitioners have misconceived the issue and the controlling statutory provisions.

Although it is true that the statutory gross estate for Federal estate tax purposes did include the proceeds of the insurance paid to the trust, as well as the remainder of its corpus (Revenue Act of 1926, sec. 302 (c)), the estate of the deceased settlor, during the period of its administration, is wholly different and distinct, for Federal income tax purposes, from the insurance trust, with the income of which, alone, we are here concerned. *Robert P. Scripps*, 33 B. T. A. 963; affirmed on this issue, 96 Fed. (2d) 492; certiorari denied, 305 U. S. 625; *Albert W. Russell*, 35 B. T. A. 602; *Woolley v. Malley*, 30 Fed. (2d) 73.

Thus respondent has proceeded on the theory that the contested income of the insurance trust was currently distributable within

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*  \*  \*  \*  \*  \*  \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate.

[2] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*  \*  \*  \*  \*  \*  \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

section 161 (a) (2) of the Revenue Acts of 1932 and 1934,[3] and, therefore, on its receipt by the trust, this income was taxable to the beneficiaries to whom it was so distributable, "whether distributed to them or not", under section 162 (b) [4] of the same revenue acts. See *Freuler* v. *Helvering*, 291 U. S. 35.

Our inquiry then is whether the income of the insurance trust for 1933, 1934, and 1935 was "to be distributed currently" under the terms of the trust. See *Central Hanover Bank & Trust Co. et al.*, *Executors*, 34 B. T. A. 741. We think not.

A careful scrutiny of that document indicates that, normally, the corpus was to go outright in equal shares to the children of W. Charles Lipe upon the death of the survivor of him and his wife. The trustee was directed to collect the trust "income" and, after paying the expenses of administration of the trust and the premiums on the life insurance policies, was directed to distribute the balance in quarterly installments to the grantor or his surviving widow. It was then provided that, "Upon her death or in case she shall have predeceased the Grantor [the trustee was] to divide the capital together with all accumulations into as many equal parts as there are children of the Grantor and the said Eloise and the issue of any such deceased children per stirpes and not per capita and to pay over, deliver and convey one of such equal parts to each child and one of such equal parts to the issue of each deceased child, share and share alike." This discloses an intention that any income realized by the trust after the death of the survivor of the grantor and his wife should go to the guardians of the three children only as and when accumulations on corpus were so distributable.

The settlor and his wife died simultaneously in 1929. Normally, the corpus of the trust and its accumulations would then have been distributable. However, the trust conclusively evidences that one of

---

[3] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct.

[4] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

its primary purposes and functions was the payment of the settlor's estate and transfer taxes out of its corpus. Thus, the life of the trust was extended beyond the death of the survivor of the settlor and his wife. Respondent concedes this.

However, his position seems to be that the trustee was not justified in withholding distribution of the income because, after the death of the settlor and his wife, no reason existed therefor since the only purpose for extending the life of the trust was the payment of the estate and inheritance taxes which could only be made from corpus—so, from the time of the deaths of the settlor and his wife, the income was currently distributable when received by the trust. He cites *Freuler* v. *Helvering*, *supra*, and other authorities to the same effect, holding that it is the right to receive a distribution of trust income and not its actual receipt upon which taxability to the beneficiaries depends. Undoubtedly, if the premise were correct, the conclusion for which those cases stand would follow. But the stated premise does not exist here. The insurance trust income, after the death of the settlor and his wife, was distributable only if, as, and when the corpus was distributable.

The corpus was to be used for the payment of taxes arising upon the death of the settlor—the amounts of which were not all determined nor paid until August of 1934. Certainly, before that time no corpus and therefore no income was currently distributable.

In May 1935, the trustee of the insurance trust instituted a proper action for a judicial settlement of its account as trustee. This account was not so settled during 1935. Final distribution therein was ordered by the court on September 24, 1937, which order was obeyed by the trustee on September 25, 1937.

This record, in our judgment, satisfactorily establishes that there was no unreasonable delay in this administration, at least until after the close of 1935, the last year involved here. Without such delay, under the law controlling in this procedure, no distribution was legally enforceable until after that time. So, in *Deering* v. *Pierce*, 149 App. Div. 10; 133 N. Y. S. 582, where a trust provided for the payment of corpus to a remainderman upon the death of a life beneficiary, it was held that the remainderman could not compel payment of the trust fund or any part thereof until the trustee had accounted. See also *In re Beeckman*, 133 Misc. 601; 233 N. Y. S. 418; *Manning* v. *Sheehan*, 133 N. Y. S. 1006; *In re Hilton*, 160 N. Y. S. 55.

Since the current distribution of the trust income for none of the three tax years could have been compelled, it was therefore not "to be distributed currently." This is so whether the view of the Board in *Adolph Bernard Spreckels*, 37 B. T. A. 709, be followed, or that of the reversing Circuit Court of Appeals in 101 Fed. (2d) 721.

114

It may be, as respondent seems to suggest, that the trustee could have distributed trust income during the tax years without judicial interference. However, even if that be so, it could not have been forced. Such distribution would have been only discretionary in the trustee (*Lynchburg Trust & Savings Bank et al., Trustees*, 27 B. T. A. 1182; reversed on another point, 68 Fed. (2d) 536), and the same tax result would follow here since no trust income was paid or credited to the petitioning guardians of the children for any of the taxable years. Revenue Acts of 1932 and 1934, sections 161 (a)(4)[5] and 162 (c), *supra.*[6] In this statement we disregard the apparent exception in the fact that in December 1935 a court order directed the trustee to pay the guardians of the children $15,000 from income for each of the children, which was paid.

The inference from the record is that the income to which this order was directed was that of years prior to 1933 and thus not involved here. Moreover, the respondent has not even suggested at any time the taxation of any income to the guardians of the children on any theory other than that it was "to be distributed currently." Thus, although the fact that this order was made and obeyed indicates that the trustee did not consider the income even discretionarily distributable, any significance in the fact is ignored by us as it was and is now by respondent.

Respondent erred in taxing the trust income to the guardians of the children for those years. This conclusion obviates any necessity of deciding the second issue.

*Decisions will be entered for petitioners.*

---

[5] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

[6] See also sections 161 (a) (2) and 162 (b) of the revenue acts, (*supra*), as to taxability of trust income *collected* by a guardian of an infant "which is to be held or distributed as the court may direct \* \* \*."