## COMMISSIONER OF INTERNAL REVENUE v. FIRST TRUST & DEPOSIT CO. et al.
### No. 157.

Circuit Court of Appeals, Second Circuit.
March 24, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and L. W. Post, Sp. Assts. to Atty. Gen., for the Commissioner of Internal Revenue, Petitioner.

Benjamin E. Shove, of Syracuse, N. Y., for First Trust & Deposit Co. and Gwynn W. Hoyt, as guardians of the property of William C. Lipe, Jr., respondents.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from the decision of the Board of Tax Appeals on January 20, 1940, holding that there were no deficiencies in respondents' income taxes for the years 1933, 1934 and 1935. We think the Board was right and should be affirmed.

The question before us is whether the respondents, guardians of the property of Willard C. Lipe, Jr., a minor, should have included in the income of their ward amounts payable to him from income of a trust created by his deceased father, even though the income, after reaching the trustees, was not distributed to the guardians but was withheld pending entry of future court orders.

W. Charles Lipe, the father of the ward of the respondents, executed his will on October 21, 1926, whereby he bequeathed his residuary estate in trust to City Bank Trust Company and his wife, Eloise Hoyt Lipé, and provided that his trustees should receive the income of the trust and, after deducting necessary expenses in connection with the administration, should apply the net income to the use of his wife during her life. Upon the death of his wife he directed that the principal should be divided into as many shares as there were children then living, one share to be held as a separate trust for each child and the income thereof to be paid to him or her until he

or she should reach the age of thirty-five years, whereupon the principal was to pass to the beneficiary.

On November 16, 1926, the testator entered into an inter vivos trust agreement (hereinafter called the insurance trust) with the City Bank Trust Company, the name of which is now First Trust and Deposit Company. Under this trust the grantor conveyed to the trustee certain securities of the par value of $100,000 and two insurance policies on his life of $75,000 each. The trust deed directed the trustee to collect the income of the trust and, after deducting the commissions of the trustee and paying the premiums on the life insurance policies and the expenses of administering the trust, to apply the net income to the use of the grantor during his life and, upon his death, to that of his wife. It directed the trustee upon the death of the wife or in the event that she should predecease the grantor, upon his death, to divide the capital of the trust into as many equal parts as there should be children of the grantor, or issue of deceased children taking per stirpes, and to pay over one of such equal parts to each child or to the issue of each deceased child, share and share alike. The grantor of the trust by its terms reserved the right to change the beneficiaries, so that the corpus was subject to estate taxes upon his death. Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880.

Under Article Eleventh of the Trust Deed it was provided as follows:

"The Trustee is further authorized and empowered to pay out of the income received from the trust fund any and all taxes which properly may become payable from time to time, under the laws of the United States, or of any State, County or Municipality on said trust property, or for any transfer thereof or transaction affecting the same, and to affix and cancel tax stamps in accordance with the provisions of said laws.

"The Trustee is further authorized and empowered and directed, unless the Grantor shall in his last Will and Testament otherwise direct, to pay out of the principal hereof (including the proceeds of life insurance policies) any and all Estate Inheritance, Transfer or Succession Taxes arising on account of his death and the transfer of any property of the grantor, or interest therein or income therefrom, under this or any other instrument, or any will or codicil, or under any intestate laws."

The grantor had made no direction in respect to the payment of taxes in his will. He and his wife died in a common disaster on August 16, 1929, leaving surviving three children, one of whom was Willard C. Lipe, Jr.

On September 12 and 13, 1929, the trustee under the insurance trust collected the proceeds of the two policies upon the life of the grantor and added them to the principal of the trust and from the corpus of the insurance trust paid federal estate taxes and New York inheritance taxes as follows:

### Federal Estate Tax

| | |
|---|---|
| August 12, 1930 | $ 1,407.03 |
| August 21, 1931 | 4,012.24 |
| November 28, 1933 | 10,168.20 |
| With interest 11/28/33 of | 1,974.04 |

### New York Inheritance Tax

| | |
|---|---|
| September 9, 1930 | $ 8,837.91 |
| February 16, 1931 | 50,000.00 |
| June 20, 1933 | 7,166.59 |
| August 14, 1934 | 38,024.87 |
| (Paid under section 233 of New York Tax Law, Consol. Laws, c. 60) | |
| August 17, 1934 | 25.02 |

The amount of the federal estate taxes was finally determined in October, 1933, and the amount of the New York inheritance taxes was finally determined in August 1934.

In May, 1935, the trustee of the insurance trust commenced an action in the New York Supreme Court to secure a judicial settlement of its accounts as trustee. On December 9, 1935, a court order was made requiring distribution of $15,000 of the trust income to each of the three children of W. Charles Lipe, which was complied with on December 17, 1935. No other payments or credits to respondents who were guardians of the surviving children of the grantor, or to their wards, were made by the trustee during the tax years. By court order made in the accounting suit, the final distribution of the corpus was directed September 24, 1937, and the trustee obeyed this order on September 25, 1937. The trustee has returned and paid income taxes on all the income of the insurance trust.

In assessing income taxes for the years 1933, 1934 and 1935, the Commissioner treated the income from the insurance trust which came into the hands of the trustee during those years as currently distributable to the beneficiaries under Sections 162 (b) of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Code, § 162(b). Those sections provide that in computing the income of a trust for a taxable year there shall be allowed to the trustee as a deduction the amount of income for the taxable' year which is to be distributed currently to the beneficiaries and that the amount thus "allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not." The Commissioner accordingly assessed the income against the three beneficiaries whose guardians are the respondents in the present appeal. Upon review, the Board of Tax Appeals reversed the Commissioner, and held that the income in question was not currently distributable to the respondents' wards under Section 162 (b), supra.

The payment on December 9, 1935, of $15,000 to the beneficiaries, by order of court, is of no importance for present purposes since it appears to have been made out of income from years prior to 1933. The income collected by the trustee during the years 1933, 1934 and 1935 was properly returned by the trustee as income of an estate in course of administration. The Board held that one of the primary purposes of the trust was for the payment out of the corpus of the estate and transfer taxes of the settlor. To provide for such payment the life of the trust was extended beyond the time of the death of the survivor of the settlor and his wife. Section 162 (b) would only apply to the situation if the income of the trust was "to be distributed currently by the fiduciary to the beneficiaries." We think it inapplicable unless the income was distributable at the behest of the beneficiaries irrespective of any right of the trustee to require the protection of a decree upon an accounting, or in any event, unless such an accounting was inexcusably delayed. In the case at bar the Board held that there was no unreasonable delay in the administration of the trust, at least none until after the year 1935, in which the suit for the accounting was begun.

The corpus was largely invested in mortgage certificates which were subject to attack by infant parties, particularly in times when investments in mortgages have resulted in difficulty in obtaining liquidation and frequently in large losses. The taxes to be paid out of the principal of the trust were very large and finally amounted to upwards of $121,000. Under such circumstances it would be an unusual trustee who would take the chance of paying out the income to the guardians of infant-beneficiaries until it had the protection of a decree upon an accounting.

Under the terms of the trust deed the gift to the children, which became vested on the death of their parents, was subject to the payment of taxes, commissions and expenses incident to the winding up of the trust. There was no duty on the part of the fiduciary to make periodical distributions of current income to the children and distribution of either income or principal could only be compelled after an accounting. Deering v. Pierce, 149 App.Div. 10, 133 N.Y.S. 582. In interpreting the meaning of Section 162 (b) of the Revenue Act in Commissioner v. Stearns, 2 Cir., 65 F.2d 371, we said that "income to be distributed currently" is income directed by a will or deed to be currently distributed and that the words presuppose a periodic duty on the part of the trustee. The situation here resembles that of an estate in the course of administration where the income pending settlement is returnable by the executor, and is not regarded as the income of legatees or next of kin. The remainder interest of Willard C. Lipe, Jr., as well as that of his brother and sister, passed to them subject to performance of the trust. Until completion by the trustee of its duties the income was that of the trust and not of the remaindermen and taxable to the trustee accordingly.

In a case like the present, where no provision for periodic payments of income coming into the trustee's hands was made in the trust deed, the income was not to be imputed to the beneficiary either as a credit allowable to the trustee in his account or otherwise. We think the trustee was right in reporting the income for the years in question and that the respondents were not responsible for paying taxes upon such income. The Board was, therefore, right in holding that there was no tax deficiency for the years in question.

Order affirmed.