DELLA M. COACHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23323. Promulgated June 29, 1951.

*H. L. Coachman, Esq.*, for the petitioner.
*William W. Oliver, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $816.29 in income tax for 1945. One issue for decision is whether the petitioner or a trust is entitled to the benefit of a long term capital loss on the sale of securities and, if the petitioner is entitled to the benefit, the amount of her basis for computing the loss is in controversy. The facts essential to the first issue have been stipulated.

Joseph A. Williams transferred bonds in trust to Marine Trust Company of Buffalo, New York, in 1929. The trust was to be governed by the laws of New York. The trustee was to pay the net income from the trust corpus to Joseph's wife, Lottie, during her life and at her death was to transfer the trust fund in equal shares to the then living nephews and nieces of Joseph and Lottie.

The trustee was not to sell securities transferred to it, except as Lottie might direct, but it could re-invest the proceeds if securities matured or were called.

The deed of trust contained a paragraph as follows:

Whenever said Trustee is required to divide said trust estate into parts or shares, or to distribute the same, it is authorized and empowered, in its sole discretion, to make such division or distribution in kind or partly in kind and partly in money and for such allotment the judgment of said Trustee concerning the propriety thereof and the relative value for the purpose of distribution of the property so alloted shall be binding and conclusive on all parties interested therein.

Lottie, who survived Joseph, died on December 14, 1944, at which time the petitioner was one of fifty living nieces and nephews of Joseph and Lottie.

The trustee filed a statement of its account for the period from December 7, 1942, to March 29, 1945, and instituted an action in New York on April 24, 1945, against the executors of Lottie and the fifty remaindermen to have that account and any supplemental account settled and allowed and distribution of the trust property ordered. The trustee, on August 30, 1945, filed a supplemental account for the period March 29, 1945, to August 22, 1945. The court, after proper proceedings, entered its decision and judgment allowing the accounts and ordering distribution. The trust fund was distributed shortly thereafter.

The trustee, between January 1, 1945, and August 30, 1945, converted the securities in the trust into cash as the only practical way of making distribution and the distribution was in cash.

The petitioner, like the other remaindermen, received a letter from the trustee in December 1945, explaining that the trust property had

been converted into cash to enable the trustee to make equal distributions among the fifty remaindermen, the sales had resulted in losses which the trust did not plan to claim on its 1945 return, and the share of each remainderman in those losses was $3,069.30. A statement of the securities held at the death of Lottie, the date acquired, the date sold, and the amount realized was attached. The petitioner attached a copy of the schedule to her 1945 return.

The petitioner filed her individual income tax return for 1945 with the collector of internal revenue for the district of Florida. She claimed on that return a long term capital loss of $3,069.57 from the sale of securities by Marine Trust Company as trustee. The Commissioner, in determining the deficiency, disallowed the loss.

The parties agree that the question of when the trust terminated is controlled by the laws of the State of New York. The petitioner contends that the trust terminated and legal title to the assets vested in the remaindermen immediately upon the death of the life beneficiary, so that the loss from the later sale of the securities was the loss of the remaindermen and not of the trustee both under the law of New York and for Federal income tax purposes. The case of *Francis Francis, Guardian*, 15 B. T. A. 1332, cited by the petitioner, is in point. However, the facts and the question in *Florence H. Fitch*, 29 B. T. A. 1299, in which the *Francis* case was cited with approval, are substantially different from the facts and the question in this case. The *Francis* case has not been followed on this point in any case involving a similar set of facts. Later decisions of this Court indicate that it has departed from the principles stated in the *Francis* case, perhaps because of New York cases decided after the *Francis* case. Cf. *Bingham's Trust* v. *Commissioner*, 325 U. S. 365. That case is no longer regarded as an authority by this Court.

The grantor did not intend that the trust should continue as an active trust after the death of the life beneficiary. However, he provided that upon the happening of that event the trustee should divide the property into as many equal parts as there were remaindermen and distribute it to the remaindermen. Therefore, the trust did not terminate immediately upon the death of the life beneficiary even under its express terms, but thereafter the trustee had further duties to perform as a trustee with a consequent continuation of the trust. Cf. *Willard C. Lipe, Jr.*, 41 B. T. A. 107, affd., 118 F. 2d 449, in which the trustee had duties to perform after the death of the beneficiary and it was held that the trust continued. A trustee required to distribute the trust property to remaindermen is allowed by the laws of New York a reasonable time within which to perform that duty and wind up its trusteeship, and during that time the corpus continues to be trust property. *Deering* v. *Pierce*, 149 App. Div. 10, 133 N. Y. S. 582;

*In re Miller's Will*, 257 N. Y. 349, 178 N. E. 555; *In re McManus' Will*, 282 N. Y. 420, 26 N. E. 2d 960. The trust continues for Federal income tax purposes during that period. *Bingham's Trust* v. *Commissioner*, supra; *Edith M. Bryant*, 14 T. C. 127, affd., 185 F. 2d 517; *Russell* v. *Bowers*, 27 F. Supp. 13.

No undue delay on the part of the trustee in making the distribution and winding up its affairs appears in the present case. The bank received fees for acts performed as trustee after the sales were made. Cf. *In re Thomas' Will*, 254 N. Y. 292, 172 N. E. 513. The trustee decided that it could not make distribution of the securities in kind and, therefore, upon the advice of counsel, it sold the securities because it believed that the only practical way to make a distribution would be in cash. The remaindermen, in the accounting proceeding brought by the trustee, did not question the latter's right to make the sales. The Court, by its decision and judgment, fully approved the action of the trustee in selling the securities and in making the distribution in cash. Thus, the losses were sustained by the trust in its proper operations under the laws of New York. The trustee was acting as trustee when it sold the securities and was performing one of its fiduciary duties as a prerequisite to the distribution which it was required to make as trustee. It was not acting as a mere agent for the remaindermen. The remaindermen did not make the sales and did not sustain the losses. The Commissioner did not err in disallowing the losses claimed by the remaindermen. *Russell* v. *Bowers*, supra.

Reviewed by the Court.

*Decision will be entered for the respondent.*