ANSTES V. AGNEW (FORMERLY ANSTES V. CARR), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25373. Promulgated June 29, 1951.

*Matthew F. Dorsey, Esq.*, and *Robert C. Lea, Jr., Esq.*, for the petitioner.
*Lester H. Salter, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* Income taxes in the amount of $293.45 for the year 1946 are in controversy. The question is whether commissions paid

to trustees of a trust of which petitioner was the remainderman can be taken as a deduction by her in the year of receipt of the trust property, the trustee having collected the commission from trust assets before distribution to petitioner.

All of the facts have been stipulated and are hereby found accordingly. Petitioner resided in Pennsylvania during the taxable year and filed her return for that period on the cash basis with the collector for the first district of Pennsylvania.

Petitioner's grandfather, who died a resident of Missouri in 1915, created a testamentary trust in which he provided:

I give, devise and bequeath to the St. Louis Union Trust Company, of the City of St. Louis, Missouri, the remaining two parts in trust, one for my daughter Anstes [petitioner's mother] and the other for my son Henry.

Said trustee shall keep my said property invested and may change the investments as often as it may see fit, that is to say, it may sell any real estate, stock, bonds, notes or other securities, and invest and reinvest the funds as often as in its judgment the interests of said estates shall so demand.

I direct that my trustee shall retain complete control of one portion thereof for the use and benefit of my daughter Anstes during her lifetime, and likewise shall retain complete control of the other portion for the use and benefit of my son Henry during his lifetime.

I direct that my daughter Anstes and my son Henry is each to be the beneficial owner of her or his respective portion, but neither is to have the power of disposition of the same by deed, will or otherwise, and neither is to be able to mortgage, anticipate, or in any way alienate or encumber the said principal or income from said respective portions, but each shall simply have the right to receive the income therefrom in person, which income from the respective portions I direct my trustee to pay to her or him, respectively, during her or his natural life and at regular and frequent intervals, upon her or his own respective personal acquittance and receipt.

Upon the death of my daughter Anstes leaving issue or their descendants her surviving, I direct the said trustee to convey, deliver or assign to said issue or their descendants, per stirpes and not per capita, the principal of the estate so held in trust by it for my said daughter Anstes. If my said daughter Anstes die leaving no issue or their descendants her surviving, then the said trustee is to divide her portion of my said estate into two equal parts, one of which I direct my said trustee to forthwith deliver to my son Wilson P. H., or in the event of his death, to his heirs, per stirpes and not per capita, according to the law of descent and distribution at that time existing in the State where my said son Wilson P. H. may have been legally domiciled at the time of his death.

The trustee so appointed charged commissions of 5 per cent on income collected during the pendency of the trust and 5 per cent on the principal distributed upon its termination. Petitioner's mother, life beneficiary of one of the two parts in trust, died on May 19, 1945, survived by petitioner and one other child. During 1945 and 1946 the trustee distributed income accrued prior to her death to petitioner's mother's estate and distributed income subsequently accrued to petitioner and her brother. On February 11, 1946, petitioner's

share of the principal was distributed to her in cash and securities in the amount of $40,975.93. This amount was arrived at by deducting from the "Total Market Value of Assets," $86,716.56, the amount of $4,335.82, denominated "Trustee's commission on distribution," as well as another small item, and by dividing the balance in half.

Petitioner deducted one-half of the above-stated commission in computing her individual income for the taxable year. This deduction was disallowed by respondent.

The reason why these trustee's commissions are not deductible by this petitioner who was a beneficiary of the trust is that at no time were they her personal obligation, even though the payments may have been deducted from the corpus of the trust before distribution to her. See *Della M. Coachman*, 16 T. C. 1432. "In the absence of any contrary testamentary directive, administration expenses are chargeable against principal." *In re People's National Bank & Trust Co. of White Plains*, 90 N. Y. S. 2d 384, 388. See Bogert, "Trusts," § 805 n. 72 (a). "Compensation for services rendered after the death of the life tenant is payable out of capital." *Creed* v. *McAleer* (Mass.), 175 N. E. 761, 763. The commissions were not paid by petitioner directly and the suggestion that they were paid out of her property loses sight of the essential proposition that she owned, and was entitled to, only so much of the trust property as was left after satisfaction of its prior obligations. See *Oellien* v. *Galt*, 150 Mo. App. 537, 131 S. W. 158; *Ladd* v. *Pigott*, 215 Mo. 361, 114 S. W. 984; *McAfee* v. *Thomas* (Ore.), 225 P. 333.

A trust is a juristic person separate from its beneficiaries. *Anderson* v. *Wilson*, 289 U. S. 20. And commissions are an obligation of the trust and deductible by it, even where the trust term has ended and distribution is in process. *Bingham's Trust* v. *Commissioner*, 325 U. S. 365. There is no showing of any such agreement by petitioner to pay the commissions as would have made it possible to enforce payment from her personally. See *Barker* v. *Hunkins-Willis Lime & Cement Co.* (Mo.), 39 S. W. 2d 391. If she had paid them, she would have been a mere volunteer. Under these facts, she cannot claim the expenses were necessary payments by her, *Word Specialty Mfg. Corp.*, 34 B. T. A. 974, 982; *Sigmund Spitzer*, 23 B. T. A. 776, so as to entitle her to a deduction.

*Decision will be entered for the respondent.*