Wardwell Jones and Dixie S. Jones, Husband and Wife v. Commissioner.
Jones v. Commissioner
Docket No. 43445.
United States Tax Court
T.C. Memo 1954-157; 1954 Tax Ct. Memo LEXIS 89; 13 T.C.M. (CCH) 882; T.C.M. (RIA) 54263; September 22, 1954, Filed *89 Non-business expense deductions under section 23(a)(2). - 1. Held, petitioner not entitled to deductions that were by court decree the obligation of a trust, a separate entity. 2. Held, petitioner's litigation expenditures for the protection of a remainder interest in a trust were not for the management, conservation, or maintenance of property held for the production of income. 3. Assuming petitioner's expenditures relating to another trust involved in the same litigation were for the management, conservation, or maintenance of property held for the production of income, held, non-deductible for failure to allocate between deductible and non-deductible expenses. John A. Erhard, Esq., and Dwight L. McCormack, Esq., 1010 National *90 City Building, Dallas, Tex., for the petitioners. J. Marvin Kelley, Esq., and James F. Hoge, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax against the petitioners of $3,583.59 for 1947. The principal basis of this deficiency is the respondent's disallowance of $12,647.84 in legal fees and traveling and living expenses. The petitioner had claimed this amount as ordinary and necessary expenses paid for the management, conservation, or maintenance of property held for the production of income within the meaning of section 23(a)(2) of the Internal Revenue Code of 1939. The joint income tax return of petitioners for 1947 was filed with the collector of internal revenue for the district of Arizona. Findings of Fact The petitioners, Wardwell Jones and Dixie S. Jones, are husband and wife. At the time of hearing they lived in Dallas, Texas. Wardwell Jones (herein referred to as the petitioner) was previously married to Marie Elizabeth Hilbert Jones and was divorced from her on November 4, 1941 The petitioner's father, Frank H. Jones, who died in 1927, created by *91 will a trust from which the petitioner was to receive income during his lifetime, and on his death the principal of the trust was to be divided equally among his issue. On December 10, 1935, the petitioner transferred to his then wife, Marie Elizabeth Hilbert Jones, $5,897.41 in cash and two insurance policies on his life in the amount of $62,500 each, and certain securities of an approximate value of $35,735.30. Marie Jones had been made the beneficiary of the insurance policies. Prior to the transfer the petitioner and Marie Jones agreed that she would in turn transfer the insurance policies and the securities to the Chase National Bank in accordance with a trust agreement with the bank dated December 10, 1935. The policies and securities were to form the corpus of a trust, with the income from the securities being used to pay the premiums on the life insurance policies. Marie agreed that she would return the insurance policies and securities to the petitioner on his demand. The trust agreement provided that the trustee was to be made the beneficiary of the insurance policies transferred to it, and during the life of the insured (petitioner) the trustee was to pay the settlor (Marie) *92 any dividends, surrender values and all other payments of any kind derived from the insurance policies forming a part of the trust. By letter dated December 10, 1935, Marie notified the bank to pay the premiums on the life insurance policies from trust income, and to hold any other trust income subject to her further instructions. If the insured predeceased the settlor, the trustee was to pay $15,000 to the settlor from the proceeds of the insurance policies and was to invest the remainder, paying the income received from the trust property to the settlor during her lifetime. Upon the death of the settlor the principal was to be held in trust for the then living common descendants of the insured and settlor. If the settlor (Marie) predeceased the insured (petitioner) the trustee was to return the life insurance policies to the insured, and the trust was to be terminated. The settlor reserved the right to revoke or amend the trust. In May 1936 Marie refused the petitioner's request that she return to him the life insurance policies and securities in the trust. After April 1940 the petitioner and Marie lived apart from each other, and in the same month Marie sued the petitioner for *93 divorce. On November 3, 1941, while the divorce action was pending, the parties entered into a separation agreement providing for monthly payments of $1,000 to Marie for the support of herself and the parties' two children. As a means of providing these support payments the petitioner assigned to Marie an interest in the Frank H. Jones trust and directed the trustees to make the $1,000 payment each month to Marie out of the income of the trust payable to him (petitioner). In the separation agreement Marie gave up her right to amend or revoke the trust of December 10, 1935, provided that the petitioner complied with the terms of the agreement, and the petitioner agreed not to make any claim upon this trust. It was also provided that support payments for Marie were to end on her remarriage or death. On November 4, 1941, the parties were divorced, and the separation agreement was made a part of the judgment and decree of divorce. In July 1945 the petitioner had the alimony payments to Marie discontinued on the ground that she had remarried. In April 1946 Marie executed a deed of revocation exercising her right to revoke the trust of December 10, 1935. In accordance with her instructions *94 the trustee returned to her the two insurance policies that formed a part of the principal of the trust. Marie then asked one of the insurance companies for the cash-surrender value of one of the insurance policies, but the company refused her request, having been previously notified by petitioner of his contention that there had been no default under the separation agreement. She also notified the other insurance company that its policy had been redelivered to her by the trustee and asked the company to recognize her as the sole owner and beneficiary of this policy. In July 1945 the Chase National Bank, individually and as trustee of Frank H. Jones trust and as trustee of the trust established by Marie on December 10, 1935, sued the petitioner, Marie, and their two children, and the insurance companies with which the two trust insurance policies had been placed, and other interested persons. The relief sought by the Chase National Bank in this suit was as follows: That its account as trustee of the Frank H. Jones trust be settled and allowed; that it be instructed whether it should pay to Marie the sum of $1,000 a month, or some lesser amount, out of the income of this trust, or *95 whether all of the income of this trust should be paid to petitioner; that a determination be made of the validity of the attempted assignment by petitioner to Marie of an interest in the Frank H. Jones trust; that a determination be made of the validity of Marie's revocation of the trust of December 10, 1935, and her withdrawal of the two insurance policies from the trust; and that if it be determined that these policies were unlawfully withdrawn, Marie be directed to return them to the trustee; that a determination be made of the effect of the separation agreement of November 3, 1941, on the securities forming a part of the principal of the trust of December 10, 1935; that the court determine any other questions arising in the litigation; and, finally, that the plaintiff have such other relief as the court should deem fitting, together with its costs and disbursements in the litigation. In his answer the petitioner contended that his assignment of an interest in the Frank H. Jones trust to Marie was null and void and in contravention of the law of New York State; that his obligation to make support payments to Marie ceased pursuant to the terms of their separation agreement because *96 she was living as the wife of another man; that his obligation to make payments to Marie for the support of their two children ceased because the children had left their mother and were living with the petitioner; that he had an interest in the insurance policies and securities making up the trust of December 10, 1935, and that Marie had breached their separation agreement by withdrawing the insurance policies from the latter trust. The relief sought by the petitioner in the trustee's suit was that the trustee be required to give an accounting of its administration of the Frank H. Jones trust; that the accumulated income of the latter trust be paid to him; that Marie be required to return the insurance policies to the trust of December 10, 1935, and that she be enjoined from revoking this trust. Marie answered that the petitioner had violated their separation agreement by discontinuing support payments as of August 1945, since she had not remarried until September 5, 1946. She requested a judgment against the petitioner and the trustee for the amount of unpaid support payments, and asked that this amount be paid out of the income of the Frank H. Jones trust. She also sought to have *97 the petitioner's assignment to her of a certain amount of the income of the Frank H. Jones trust declared valid; that she be declared the sole owner of the insurance policies and securities making up the trust of December 10, 1935; and that the court's injunction against her removing the securities from the trust be vacated. The judgment of the court was as follows: (a) It settled and allowed the accounting made by the Chase National Bank as trustee of the Frank H. Jones trust; (b) it declared void the assignment by petitioner to Marie of an interest in this trust; (c) it declared void Marie's attempt to revoke the trust of December 10, 1935, and required her to return to the trustee the two policies of insurance withdrawn by her; (d) it decreed that the trust of December 10, 1935, was not revocable by Marie; (e) it found that Marie had performed her obligations under the separation agreement and divorce decree, and that petitioner's discontinuance of alimony payments to Marie was a breach of the parties' separation agreement; (f) it found the petitioner and the Chase National Bank liable to Marie in the amount of $9,200 unpaid support and required the bank, as trustee of the Frank *98 H. Jones trust, to pay her this amount from the income of this trust; (g) it found that Marie did not remarry until September 5, 1946, and that not until this date did petitioner's obligation to make monthly alimony payments under the separation agreement come to an end; (h) it directed the Chase National Bank, as trustee of the Frank H. Jones trust, to make the following payments out of the principal of this trust: $2,750.00
compensation for the services of the
guardian ad litem for the infant
defendants in suit;
7,195.70
fee of the lawyer for the plaintiff
Chase National Bank and his costs.
$9,945.70 The court also directed the Chase National Bank, as trustee of the Frank H. Jones trust, to pay the $3,000 fee of petitioner's attorney out of the income of this trust, and it released the Chase National Bank as trustee of the Frank H. Jones trust and relieved it of any liability as trustee. The following expenses were paid by the Chase National Bank from the principal of the Frank H. Jones trust: $ 25.00
photostats of petitioner's letter of
July 25, 1945 to trustee directing
the discontinuance of alimony
payments to Marie Jones.
500.00
cost of transcript of testimony in
trustee's suit.
7,195.70
fee for trustee's lawyer fixed by
court decree.
2,750.00
compensation fixed by court for
services of guardian ad litem for
defendants in suit.
$10,470.70
*99 The following expenses were paid by the petitioner: $ 250.00
cost of transcript of testimony.
525.00
fee paid to attorneys in Tuscon,
Arizona.
80.00
garage costs in New York for four
months.
35.79
automobile repairs.
1,800.00
living expenses in New York (4
months at $15 a day)
10.00
typewriter rental.
$2,700.79
Opinion The petitioner claims $10,721.05 as a non-business expense deduction in 1947 for lawyers' fee and a transcript of testimony, and $1,926.79 for travel and living expenses necessary to his attendance at the trial of the suit brought by the trustee. The $10,721.05 includes the following: $ 7,195.70
fee for trustee's lawyer required by
court decree to be paid by the
trustee out of the principal of the
Frank H. Jones trust;
2,750.00
compensation for guardian ad litem
required by court decree to be
paid by the trustee out of the prin-
cipal of the Frank H. Jones trust;
525.00
fee paid by petitioner to lawyers in
Tuscon, Arizona;
250.00
cost of transcript of testimony paid
by petitioner.
$10,720.70 The very slight discrepancy between this amount and the $10,721.05 claimed by the petitioner *100 need not concern us. There is no indication in the record that the $3,000 fee of the petitioner's lawyer, which the court required the trustee to pay from the income of the Frank H. Jones trust, was ever paid. Hence this amount cannot be considered in controversy. We shall take up first those expenses which by court decree were made the obligation of the trustee of the Frank H. Jones trust, to be paid from the principal of this trust. These expenses are not deductible by the petitioner, since they were not his obligation but were the obligation of the Frank H. Jones trust, a separate entity. Anstes V. Agnew, 16 T.C. 1466 (1951); cf. Trust of Bingham v. Commissioner, 325 U.S. 365 (1945); Della M. Coachman, 16 T.C. 1432 (1951). Of course the payments of these expenses out of the principal of the Frank H. Jones trust could mean that less trust income would be available for the petitioner, the beneficiary for life of the income of this trust, but this effect upon the petitioner's interest does not make the obligation his nor make him its payor. Therefore he cannot claim it. There is no question that the other expenses claimed as deductions by *101 the petitioner were his obligations and were paid by him. It remains to be determined whether they were "ordinary and necessary expenses paid * * * for the management, conservation, or maintenance of property held for the production of income." Section 23(a)(2), Internal Revenue Code of 1939. The "ordinary and necessary" requirement means that the expenses must be reasonable in amount and must bear a reasonable and proximate relationship to the management, conservation, or maintenance of property held for the production of income. See H. Rept. No. 2333, 77th Cong. 2d Sess. (1942), p. 75; S. Rept. No. 1631, 77th Cong. 2d Sess. (1942), p. 88; Trust of Bingham v. Commissioner, supra.The petitioner's argument is that his expenditures were for the conservation or maintenance of his remainder interest in the insurance trust of December 10, 1935. The principal of this trust consisting of securities and insurance policies was to be given to the petitioner and the trust terminated if Marie Jones died before him; while the income from the securities was to go to Marie Jones during her lifetime. In 1946 Marie Jones removed the insurance policies from the trust, and in her answer *102 to the trustee's suit she contended that the insurance policies and securities in the trust were owned solely by her. In his answer the petitioner sought to have the policies returned to the trust, and to have the trust kept intact and administered according to its terms. We do not agree that the petitioner's expenditures for this purpose were for the conservation or maintenance of property held for the production of income within the meaning of section 23(a)(2). The statute requires that the property be held for the production of income to the taxpayer claiming the deduction. Frederic A. Seidler, 18 T.C. 256 (1952). Here the property in question was being held for the production of income to Marie Jones during her life. The petitioner's only interest was in getting the principal of the insurance trust if he outlived Marie Jones, and his defense expenditures were directly related to protecting this interest. Therefore, insofar as his expenditures related to the insurance trust of December 10, 1935, he is not entitled to a non-business expense deduction under section 23(a)(2). The suit brought by the trustee also involved questions concerning the petitioner's rights *103 in the Frank H. Jones trust, and a part of petitioner's expenditures went to protect these rights. Even assuming that these expenditures meet the requirements of section 23(a)(2), the petitioner's case must still fail since he has provided no basis for allocating his expenditures between those for the maintenance or conservation of property held for the production of income within the meaning of section 23(a)(2) and those expenditures that we have found were not so related. Decision will be entered for the respondent.