In the Matter of the Estate of FRITZ GEORGE SCHMIDT, Deceased.*

Surrogate's Court, Westchester County, December 1, 1938.

* Affd. 257 App. Div. 827. See, also, 256 id. 827.

Richard E. Enright, for Anna D. Schmidt, petitioner.

Edwards & Edwards, for the executors.

Richard H. Levet, for Marie-Elizabeth Byrom.

Condit & Hite, for Erna H. Awalt and Anna-Luise O'Connor.

Winthrop, Stimson, Putnam & Roberts, for Helen S. Davidson.

Matthew B. Sentner, for the Association for the Aid of Crippled Children.

Arthur D. Brennan, special guardian.

MILLARD, S.   Decedent died on April 12, 1937, a resident of Scarsdale, N. Y., leaving a will and two codicils in which the Fifth Avenue Bank of New York and Helen S. Davidson, his daughter, were named as executors and trustees.   Certain beneficiaries named in the will having contested its probate, letters of temporary administration were issued on May 20, 1937, to Anna D. Schmidt, the widow of decedent, and the Fifth Avenue Bank of New York. Thereafter the contestants, by written agreement and with the approval of the surrogate, compromised their differences with respect to the disposition of the remainder of decedent's estate, the will was admitted to probate and letters testamentary issued to the executors named therein on April 29, 1938.   The widow was not a party to or affected by this compromise agreement.

Item " seventh " of the will, as modified by the first codicil, provides as follows:

" Seventh.   All of the rest, residue and remainder of my estate, both real and personal, whatsoever and wheresoever situated, I give, devise and bequeath to my executors and trustees hereinafter named, in trust, nevertheless, to invest and keep the same invested, to collect the rents, income and profits thereof, and to pay over the same as follows:

" (a) I direct my trustees to pay to my daughter Helen Davidson, One Hundred ($100.00) Dollars per month instead of One Hundred and Fifty ($150.00) Dollars per month." (Codicil, paragraph " fourth.")

" (b) I further direct them to pay to my daughter Marie Elizabeth Byrom, the sum of Fifty ($50.00) Dollars per month." (Codicil, paragraph " fourth.")

" (c) I further direct them to pay to my daughter, Erna Awalt, if living at the time of my death, Twenty-five ($25.00) Dollars per month, and, if she shall have predeceased me, to pay the said monthly sum to her daughter Jean Awalt, if living." (Codicil, paragraph " fourth.")

" (b) To my sister Helen Brandes, now residing at Fort Worth, Texas, Fifty ($50.00) Dollars per month." (Will, paragraph " seventh.")

" (c) To my wife, Anna D. Schmidt, the balance thereof." (Will, paragraph " seventh.")

Item " eighth " of the will, as modified by paragraph " fifth " of the first codicil, provides:

" In the event of the death of my daughter Helen Davidson, or my daughter Marie-Elizabeth Byrom, or of my daughter Erna Awalt, or of her daughter Jean, or of my sister, Helen Brandes, prior to the death of my wife, Anna D. Schmidt, I direct that the share of such rents, income and profits which would have gone to such daughter, granddaughter or sister, shall be paid to my said wife, Anna D. Schmidt." (Codicil, paragraph " fifth.")

" Upon the death of my said wife I direct that said trust shall cease and determine, and the principal thereof, together with any unexpended income, I give, devise and bequeath to my daughters, Helen Davidson, and Marie-Elizabeth Schmidt in equal shares, and to the issue of such of my said two daughters who may have predeceased my said wife, *per stirpes* and not *per capita*." (Will, paragraph " eighth," second sentence.)

Item " ninth " of the will provides:

" *Ninth*. I direct that all transfer, estate and inheritance taxes be paid out of the residue of my estate so that each of the legatees who receives a specified sum, or specific personal property, may receive same undiminished by the payment of any transfer, estate or inheritance tax either under the laws of the United States or under the laws of any State, Territory or Possession thereof."

The will gives to the executors and trustees full power and authority to sell, mortgage or lease the property of the decedent as, in their discretion, may seem for the best interests of his estate, with unrestricted power of investment.

In item " thirteenth " of the will testator directs that the provisions contained in the will for his wife be in lieu of dower and all similar rights given her by law.

Decedent's widow has brought this proceeding pursuant to sections 145 and 145-a of the Surrogate's Court Act and requests

that the will be construed to determine her rights in the alternative, as follows:

" (a) That the testator did not intend to create any priorities between the income beneficiaries named in paragraph seventh of the will and paragraph fourth of the codicil dated January 25, 1935, and that petitioner is entitled to receive one-third of the income of said trust along with the other income beneficiaries until such beneficiaries have received their shares in full, and thereafter petitioner is entitled to the balance of the income;

" (b) That the petitioner has an absolute right to elect to take her intestate share of said decedent's estate in lieu of the provisions in said will;

" (c) That the Court establish a legal formula for computing the capital value of petitioner's share in the residuary trust and determine that the petitioner has a limited right to elect to take outright the difference between said capital value and her intestate share in the net estate."

Three of the four definite income beneficiaries named in paragraph " seventh " of his will are children of decedent, one by a former wife, the fourth being his sister. They, as well as the special guardian for the infant grandchildren, resist a construction of the will which would give to the widow a right of election.

Obviously it was the intention of the testator to give a stated income to each of the four named beneficiaries and the balance of the income to his widow, thereby creating a priority in their favor.

The principal asset of this decedent's estate is a parcel of real property situated on Forty-second street in the city of New York, which at his death yielded a net annual income of approximately $14,000. The evidence would tend to show that, at his death, the property was worth $350,000 and that it was incumbered by a first mortgage in the sum of $180,000, bearing interest at five per cent per annum, and by a second mortgage of $30,000, bearing interest at the rate of six per cent per annum, the latter by its terms expiring at the death of decedent's first wife. It has been estimated that the administration expenses and other proper charges will reduce the net estate to approximately $120,000. These figures are not definite, nor do they necessarily have to be accurately ascertained for the purpose of this proceeding. They are important only in so far as they form the basis of the principal contention by the respondents. They argue that if the aggregate sum of $2,700 per year payable to the definite income beneficiaries, be deducted from the net income received at decedent's death, the balance of income payable to the widow would far exceed the amount to which she would be entitled under section 18 of the Decedent Estate Law. In fact they urge that, upon any theory

adopted, the widow would not have the right to elect to take against the terms of the will. The petitioner, on the other hand, contends that only the capital value of decedent's estate at his death may be considered in ascertaining whether or not a widow has received her intestate share under a will. I am in accord with the latter contention.

Paragraph (g) of subdivision 1 of section 18 of the Decedent Estate Law provides, in part, that " in the computation of the value of the provisions under the will the *capital value* of the fund or other property producing the income shall be taken and not the value of the life estate." (Italics mine.)

While the real property belonging to this estate is now and might continue to be leased to great advantage, under the provisions of the statute such rate of income may not be used to ascertain petitioner's right of election.

In revising section 18 of the Decedent Estate Law it was the purpose of the Legislature to give practical effect to the rights of a surviving spouse in the property of the deceased one. In *Matter of Clark* (169 Misc. 202, at p. 206) the learned surrogate said: " The purpose of the Legislature in the enactment of section 18 of the Decedent Estate Law, particularly as clarified by the report of the Commission (Legislative Document No. 62 for 1929, pp. 20–21) at the instance of which the statute was passed, is wholly clear to the effect that its intention was to assure a surviving spouse of the beneficial enjoyment of that portion of the estate of a decedent which he or she would have received in intestacy, to an amount not exceeding one-half of the net estate."

The Court of Appeals, in *Matter of Byrnes* (260 N. Y. 465, 470), and again in *Matter of Clark* (275 id. 1, 5), stated that in order to preclude a general right of election by a surviving spouse, the provision contained in the will must equal " a testamentary gift of an equal sum with the intestate share, or a gift in trust of such a sum for the use of the surviving spouse for life, or a combination of such gifts providing in the aggregate at least such a sum."

Under this conception of the statute, it would seem that the provision for the surviving spouse must be ascertainable from the will itself and not left to conjecture as to the income yield. This decedent's will presents a situation distinguishable from most of the cases cited in that here the widow is given the balance of income from the residuary estate after annual payments of the sum of $2,700 to certain named beneficiaries. Under item " ninth " of the will, this fixed income is directed to be paid " undiminished by the payment of any transfer, estate or inheritance tax."

It is conceivable that the entire residuary estate might ultimately fail to yield sufficient income to meet the fixed charges upon it.

Testimony had been introduced to the effect that the probable income yield upon trust funds invested now or at the time of this decedent's death would not exceed two and one-half per cent. There was further testimony to the effect that mortgage investments might produce as high as five per cent. The motion by the respondents to strike out this testimony, upon which decision was reserved, is denied. That testimony was offered by the petitioner primarily for the purpose of fixing the base percentage of income which might be capitalized in order to arrive at an amount to which the widow would be entitled under a limited right of election. Unfortunately, the statute is silent as to the percentage rate applicable here. Section 17 of the Decedent Estate Law, cited by the respondents, in my opinion is not controlling. While the court appreciates the potency of the capitalization theory urged by petitioner, it is unwilling to adopt either two and one-half per cent or five per cent as the proper income yield. To do so would, in my opinion, set a dangerous precedent which might ultimately jeopardize the effectiveness of the statutory provisions. The special guardian has suggested that the court adopt a percentage somewhere between two and one-half per cent and five per cent. This suggestion is rejected for the same reason.

It has been held that the statute (Dec. Est. Law, § 18) should be liberally construed in the interest of the surviving spouse. (*Matter of Matthews*, 255 App. Div. 80, 86; *Matter of Altman*, 160 Misc. 812; *Matter of Byrnes, supra.*) In *Matter of Bommer* (159 Misc. 511, 520) the court stated: "The *intent* in the 'whittling down' is wholly immaterial. The only pertinent inquiry is as to whether *in fact* such a result has been accomplished. The minimum gift which will validate the will is a use for life of that which in intestacy she would receive outright, which, in this case, is one-third of a cross-section of the estate. The testator may not lawfully impair this irreducible minimum." This same doctrine was carried further in *Matter of Schrauth* (249 App. Div. 846, 847), wherein the court stated: "It clearly appears that although the *testator has given his all in trust*, the widow will receive next to nothing."

I am of the opinion that the provisions made in the will of this decedent do not meet the requirements of section 18 of the Decedent Estate Law. Her petition, therefore, will be granted to the extent of allowing her an absolute right of election to take against the provisions of the will. Since decedent was seized of the real property prior to 1930, she has the additional right in the alternative to be endowed with the lands of her husband. (Real Prop. Law, §§ 190, 199.)

Settle decree accordingly.