In the Matter of the Will of FAY T. KENT, Deceased.
MABEL R. KENT, as Executrix and Trustee, Petitioner.

Surrogate's Court, Queens County, March 31, 1943.

*Edwin F. McDonald* for petitioner.

*Edward Devlin*, special guardian for Joel C. Kent, in military service, and Lodaska Kent and another, infants.

SAVARESE, S.  The testator died on May 19, 1942, leaving a last will and testament dated June 7, 1928, and a codicil thereto made on July 22, 1932.  He had no children and was survived by his wife, two brothers and four nieces and nephews.  Both instruments were admitted to probate on June 10, 1942.  Letters testamentary were issued to his widow.  His estate amounts

to approximately $50,000. By the second paragraph of the will testator gave his widow a bequest of personal effects valued at less than $700. The only other provision for her benefit in either the will or codicil is that contained in the third paragraph of the will which, insofar as material, provides as follows:

" *Third:* All the rest, residue and remainder of the property, real, personal or mixed, owned by me at the time of my death or over which I may have power of disposition, I give, devise and bequeath to my Trustee hereinafter named, IN TRUST NEVERTHELESS, to invest and reinvest the same and to collect and receive the issues, profits and income thereof and after deducting all proper and necessary charges or expenses arising in connection therewith, to pay over the net income thereof to my said wife every year in as nearly equal monthly installments as the Trustees may determine until her remarriage or death.

" Upon her remarriage or death or upon my death should she not survive me, whichever event shall first occur, the principal of said trust shall be divided equally among my issue, if any then surviving, *per stirpes* and not *per capita;* if there shall be no issue of mine then surviving then I direct that the sum of One thousand dollars ($1,000.) from the principal of said trust be paid to each of my cousins, RETA JUDSON KENT, presently residing in Meriden, Connecticut, should she survive me, and MARY GRANT KENT, presently residing in Bronxville, New York, should she survive me, and I direct that the remaining principal of said trust be divided equally between the children then surviving, and the issue then surviving of any deceased children of my brothers, GORDON E. KENT and BERT M. KENT, one share for each such child and one share for the issue of each such deceased child, *per stirpes.*"

On October 30, 1942, the widow filed a notice of election to take her elective share on the ground that the will failed to comply with section 18 of the Decedent Estate Law relative to the provisions for a surviving spouse. She now seeks in this proceeding a determination of her rights thereunder and a construction of the quoted portion of the will.

None of the parties questions the validity of the notice of election or that she is entitled to take her statutory elective share. A will executed prior to September 1, 1930, is brought within the provisions of section 18 of the Decedent Estate Law if a codicil thereto is executed thereafter, since the effect of the codicil is to republish the will and make it speak from the new date insofar as it is not altered or revoked by the codicil. (*Matter of Greenberg*, 261 N. Y. 474.) The residuary gift in trust

to the widow until her death or remarriage is not a trust for life within the meaning of section 18. The estate granted is conditional rather than unconditional. The inclusion in the will of the condition as to remarriage gives the widow the right to elect. (*Matter of Byrnes,* 260 N. Y. 465.) She is entitled, as her statutory elective share, to one half of the net estate.

There remains for consideration whether the remainder of the residuary trust, created for the widow, may be accelerated and presently distributed. The solution of the question depends upon whether the remainder is vested or contingent. A contingent remainder cannot be accelerated upon the failure of an intermediate estate. (*Matter of Silsby,* 229 N. Y. 396, 404.) The provisions for the disposition of the remainder upon the death or remarriage of the widow are clearly contingent. They are gifts to a class, the membership of which can be ascertained and fixed only at the date of her remarriage or at the time of her death under the terms of the will. Where the remainder is contingent, and the widow's interest as life tenant has lapsed because of her election, the trust fund created for her benefit must be maintained by the trustee. The income, surrendered by her, being undisposed of, is to be paid to the persons presumptively entitled to the next eventual estate. (Real Property Law, § 63.) The proportional amount of income to be paid to each remainderman is to be fixed by his or her contemporary contingent interest in the remainder of the fund. When the event fixed by the testator for the cessation or termination of the widow's life estate occurs, the primary trust likewise is terminated and the fund may be paid over to the persons entitled to take as remaindermen under the provisions of the will. The trustee should hold the fund subject to these conditions. The widow, as a result of exercising her right of election, will be entitled to a *pro rata* share of the income earned during the executorial period with the balance thereof payable to the presumptive owners of the next eventual estate. (*Matter of Byrnes,* 149 Misc. 449.) Submit decree, on notice, construing the will accordingly.