In the Matter of the Accounting of LINCOLN ROCHESTER TRUST COMPANY, as Executor of JAMES J. WITHALL, Deceased.

Surrogate's Court, Monroe County, February 3, 1948.

*James L. Whitley* and *James G. Dale* for Emma A. Withall, petitioner.

*Albert R. Lindgren* and *Carroll M. Roberts* for Alice B. Gapen and others, remaindermen, respondents.

*Stuart M. Menzie* for executor.

WITMER, S. In this proceeding testator's widow seeks a determination that she may elect to take one half of the estate outright as against the will, except for the life use of the home in which the equity is valued at $7,350 and certain personalty bequeathed to her valued at $692.05. The estate is valued at about $100,000, and hence the widow's claim is that in addition to the above items she is entitled to take absolutely the sum of about $42,000. All agree that petitioner is entitled to take at once the difference between $692.05 and $2,500, or the sum of $1,807.95, besides the $692.05 of personalty and the life use of the home. (Decedent Estate Law, § 18, subd. 1, par. [e].) The question presented is whether the trust of the remainder of the estate created by the will contains at least the minimum benefits to which the law entitles the surviving spouse, so as to deprive petitioner of a right of election. (Decedent Estate Law, § 18,

subd. 1, pars. [f], [g].)   The matter hinges on the provisions of paragraph numbered " Eighth " of the will, the relevant portion of which is contained in the first four of its six unnumbered paragraphs, as follows:

" All the rest, residue and remainder of my personal property, I give and bequeath to my executor hereinafter named, in trust, nevertheless, to invest the same and keep the same invested, and to pay out of the income arising therefrom Twelve Hundred ($1200.00) Dollars annually in equal monthly payments of One Hundred ($100.00) Dollars to my said wife, Emma A. Withall, for and during her natural life.

" In the event that the income from said trust shall be insufficient to pay the said Twelve Hundred ($1200.00) Dollars annually to my said wife, then I empower my said trustee to make up the difference out of the principal of my said trust.

" Should sickness or other urgent need of my said wife arise during the pendency of said trust, I hereby empower and direct my said trustee to expend such sums as in its judgment may seem best therefor, first out of any accumulated income and secondly out of the principal of said trust.

"Upon the death of my said wife, I hereby give and bequeath the balance of the principal of said trust and any accumulated income remaining therefrom to the following: my sisters, Alice B. Gapen and Jessie M. Sperry, and my nieces and nephews, William E. Withall, Alice W. Parsons, Doris W. Metz, Wilbert Charity, George A. Sperry and Jack Sperry, in equal shares, share and share alike.''

The present annual income of the assets bequeathed in trust is about $3,200.   Petitioner argues that the quoted portion of the will does not grant to the widow the right to the use of all or of any particular share of the trust; that although conceivably $1,200 might equal half of the income, it might never do so in her lifetime; that the trustee's authority to expend more of the income is strictly limited to an event which may never happen, i.e., her " sickness or other urgent need "; that there is no basis for computing the capital value of the gift under the trust for the use of the widow; and hence that she is entitled to disregard the trust provisions entirely and take her elective share in lieu thereof.

The remaindermen contend that the will is not clear and requires construction; that a proper construction thereof will establish petitioner's right to *all* of the income from the trust, so that no right of election exists; and that even if such construc-

tion be not adopted, the capital value of the minimum gift in trust for the benefit of the widow ($1,200 annually) may be computed on the basis of current estimated annual income, to wit, $3,200, so that three eighths of the total trust fund may be determined as given by the will for the benefit of the widow, within a proper interpretation of paragraph (f) of subdivision 1 of section 18 of the Decedent Estate Law; that petitioner cannot reject such benefit, and can only elect to take the difference between such capital value of the portion of the trust thus claimed to be set up for her (plus the value of the home and personalty) and her elective share. Respondents compute petitioner's elective share as $8,207.95 in addition to her rights under the will, *if* their first contention that the widow has no elective right be denied.

Petitioner is right in her contention that if she is not entitled to all of the income of the trust, she is entitled to disregard the trust completely and elect to take against it. There is no formula in the statute, and none in the decided cases, for computing the capital value of the minimum annual gift in trust for the widow, if it be less than all of the fund. (*Matter of Schmidt,* 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; *Matter of Bommer,* 159 Misc. 511, 519 *et seq.*) This is to be distinguished from a case where the income of a fractional part of the corpus of the trust is given to the surviving spouse. (*Matter of Bevan,* 185 Misc. 192; *Matter of Reis,* 182 Misc. 754; *Matter of Goldsmith,* 175 Misc. 757.)

Although petitioner has challenged respondents' assertion that there is ambiguity in the language of the will, the court holds that it is ambiguous. In determining whether the provisions of the will equal the minimum rights to which the widow is entitled under the law (Decedent Estate Law, § 18, subd. 1, pars. [f], [g]), a construction of the will is necessary. The testator's intent is controlling, and hence must be ascertained.

The testator gave $1,200 of the annual income to his wife for life. This was in addition to the life use of the home, a portion of which was and is rented. Conscious of her minimum needs, the testator then provided that if the income from the trust be less than $1,200 annually, the principal should be invaded to give her a minimum of $100 per month. He then considered possible " sickness or other urgent need " and authorized the expenditure therefor of any income in excess of $1,200 per year and also as much of the principal as needed in the discretion of the trustee. He made no other disposition of the income or principal

effective prior to petitioner's death. He provided that at petitioner's death " the balance of the principal of said trust and any accumulated income remaining therefrom " be paid to his sisters and nephews and nieces equally.

It cannot be known definitely whether the omission of further disposition of the income during the life of the widow was intentional or inadvertent. The widow suggests that it was the former; but there is good reason to believe that it was the latter, and the decisions support such view. Although it is possible that the testator was endeavoring to limit his wife to an extreme minimum participation in his estate, it seems more likely that he was thinking conservatively of the probable income from his estate and wished to make certain of a minimum livelihood for his widow and at the same time protect any surplus income for her use in the event of real need. Since no one else is to benefit from the trust during the life of the widow, and for her protection he expressly authorized the use of the corpus of the trust, if needed, it is proper to conclude that she was the principal object of the testator's bounty.

The references to " accumulated income " raise an inference that the testator intended the income to be accumulated. So long as such accumulation is for the benefit of the life beneficiary, it is not improper. Indeed it is not considered to be an accumulation in the strict sense of the word, but rather a withholding as custodian for the account and use of the life beneficiary in accordance with the terms of the will and the intention of the testator. (*Crawford* v. *Dexter,* 178 App. Div. 764, 774–779, affd. 224 N. Y. 586; *Curtis* v. *Curtis,* 185 App. Div. 391, 396 *et seq.*; *Matter of Hayden,* 172 Misc. 669, 682; *Matter of Littman,* 165 Misc. 285, 291.) The provision, however, for payment of the accumulated income at the death of the widow to the testator's sisters and nephews and nieces, is contrary to an intention that all of the income shall be the property of the widow. So far as it may be considered a direction to accumulate income and pay over the same to the remaindermen at the death of the widow, it is void. (Personal Property Law, § 16; Real Property Law, § 61.) To avoid an apparent inconsistency and to eliminate a void provision the words " and any accumulated income " in the fourth paragraph of paragraph " Eighth " above quoted should be excised. The court thus adopts a construction which renders valid the provisions of the will in a manner consistent with testator's evident intention rather than a construction which would render a large part of the will void. (*Hawthorne* v.

*Smith,* 273 N. Y. 291; *Crawford v. Dexter,* 178 App. Div. 764, affd. 224 N. Y. 586, *supra; Matter of Hoyt,* 116 App. Div. 217, affd. 189 N. Y. 511; *Curtis v. Curtis,* 185 App. Div. 391, 398, *supra; Matter of Arnould,* 176 Misc. 793, 795.) In *Matter of Hoyt (supra,* pp. 221–222) the Appellate Division said: " The rule seems to be well settled that where the direction for an accumulation is void, and there is some other and legal disposition of the rents and profits, the statute [against accumulations] does not apply; that in such case the direction for accumulation should be eliminated from the will."

In *Hawthorne v. Smith (supra),* the court held that a direction for the accumulation of income during the infancy of a beneficiary was invalid insofar as the accumulated income was to be paid to an adult, and the court said (pp. 301–302):

" If it is possible to sever the lawful from the unlawful, the primary lawful purpose of the settlor should not be thwarted because it is combined with an unlawful direction. It may be well, at this point, to sum up the factors which enter into the problem. The settlor placed her stock in trust during the minority of her son in order that at any time during the continuance of the trust the trustee might expend for the benefit of the minor the whole income derived from the stock or such part thereof as the trustee might deem wise and expedient. No part of the income might during the minority of the beneficiary be used for any other purpose. No other person might during the minority derive benefit from the income so accumulated. The direction, express or implied, for the accumulation of income was limited to the income which the trustee had not yet expended for the infant. The purpose of the direction was to enable the trustee to hold and accumulate the unexpended income in order that he might expend it for the infant thereafter if he thought such expenditure wise and expedient. * * *

" The direction to pay the accumulated dividends to a person other than the infant was a futile gesture. The law made it void and the courts may not give it effect. The other provisions of the trust indenture remain valid, and under these provisions the whole income of the trust fund passed to the trustee to be expended or held for the benefit of the minor. The courts cannot give effect to every part of the trust indenture, for in part it is invalid. By excising the unlawful direction to pay to an adult income accumulated under the trust created for the benefit of an infant, the courts can give full effect to the primary purpose of the settlor in establishing a trust for the benefit of her infant

son, and in providing that the *whole* income derived from the trust property should be held by the trustee in order that he might use the whole or any portion thereof which he thought wise or expedient.''

It is held, therefore, that petitioner is the owner of all of the income of the trust, subject only to the provisions of the will for the exercise of the judgment of the trustee. The limitations placed by the testator upon the trustee in exercising its discretion may not at this time be declared to bar the exercise of reasonable discretion. Because of the language of the will concerning the trustee's discretion, however, this decision is made without prejudice to the right of petitioner at such later time as she may be advised, to apply for a determination of the extent of the discretion granted to the trustee and the determination of petitioner's right to receive all of the trust income annually or at least to receive more of such income than is actually paid to her and for her use by the trustee. (See *Matter of Post,* 145 Misc. 794; *Penniman* v. *Howard,* 71 Misc. 598.)

The widow has no right therefore to elect to take against the will, except in the limited respect stated at the outset; and her application is denied.

Submit decree accordingly.