In the Matter of the Accounting of CENTRAL HANOVER BANK & TRUST COMPANY, as Successor Trustee under the Will of JAMES F. D. LANIER, Deceased.

Surrogate's Court, New York County, June 28, 1949.

*William G. Barr* and *Malcolm G. Spooner* for successor trustee, petitioner.

*Walter L. & Robert M. Post* for Harlan S. Perrigo, as executor of Katherine L. Standish, deceased, and as administrator, *c. t. a.* of Mary McC. Lanier, deceased, respondent.

*F. R. Appleton, Jr.,* and *C. C. Turner, Jr.,* for United States Trust Company, as ancillary administrator of the estate of Anna G. C. Rott, deceased, and as ancillary administrator *d. b. n.* of the estate of William J. Cravens, deceased, and others, respondents.

*Clark, Carr & Ellis* for Mary A. Fisk and another, respondents.

*White & Case* for New York Trust Company, as administrator *c. t. a.* of Edward Winslow, deceased, and as executor of James N. Winslow and another, deceased, respondent.

*Breed, Abbott & Morgan* for Beekman H. Pool and another, as executors of Eugene H. Pool, deceased, respondents.

*Gallop, Climenko, Gould & Lynton* for Winslow Little and another, individually and as executors of Marguerite W. Little, deceased, and others, respondents.

*Lyman Sessen* for Central Hanover Bank & Trust Company, as administrator *d. b. n.* of the estate of Ridgeway M. Cravens, deceased, and as executor of Rachel B. Raymond, deceased, respondent.

*Morrison T. Hankins* and *Charles B. Clancy* for Elliott B. McKee and others, respondents.

*Hugh J. Jamieson* for Katherine W. Comly and others, respondents.

*George C. Norton,* special guardian for Charles E. Walcott and another, infants, respondents.

*Harold Berger,* special guardian for Charles Lanier and others, infants, respondents.

COLLINS, S. The court holds that decedent's will contains an express stipulation against apportionment of accrued income pursuant to section 204 of the Surrogate's Court Act. In the eighteenth paragraph of the will it is directed that upon the death of the income beneficiary therein named the principal " and any unexpended income thereof " be paid over to the beneficiary's children in such proportions as she might appoint. The quoted expression is used again in the first codicil to the will in disposing of the fund in the event of the beneficiary's death without issue. In *Matter of Krauthoff* (265 N. Y. 477) a testamentary provision that the remaindermen be paid the trust estate " including income therefrom not paid over to my said wife [the life tenant] " was held to constitute an express stipulation against apportionment of accrued income. In *Matter of Waldbridge* (192 Misc. 746) a like determination was made in construing a direction that the remaindermen be paid the principal of the trust fund and " any undistributed income." The text in the will of decedent is but a paraphrase of the locutions employed in the wills under consideration in the cited cases.

The objections to the account of the trustee having been withdrawn by stipulation, a decree may be submitted on notice settling the account and construing the will in accordance with this and the prior decision herein.