In the Matter of the Accounting of CHEMICAL BANK & TRUST COMPANY et al., as Executors of EMANUEL GIDDINGS, Deceased.

Surrogate's Court, Kings County, July 7, 1950.

*Edward F. X. Ryan* for executors, petitioners.

*Adrian P. Driggs,* special guardian for Anne M. Giddings, an infant, respondent.

*William C. Mattison* for New York Association for the Blind, respondent.

*Fred M. Ahern* for New York State Tax Commission, respondent.

RUBENSTEIN, J. (Justice of Supreme Court as Acting Surrogate.) In this accounting proceeding questions have been presented as to the effect upon the terms of the will by the election of the widow to take her elective share under section 18 of the Decedent Estate Law. In addition, the accountants seek a construction of paragraph VIII (b) and a determination of counsel fees, pursuant to section 285 of the Surrogate's Court Act.

The will provided for preliminary legacies aggregating $17,-000. The residue has been divided into two separate trusts in fixed proportions. The first trust is for the benefit of the widow for her life or until her remarriage. On her death or remarriage, the remainder is bequeathed to testator's two named daughters, or in the event of their deaths prior to the termination of the trust to their issue, and, in default of issue, to three charitable institutions. The second trust is for the benefit of testator's children.

Since the trust provided for the widow is restricted until her remarriage, she has an absolute right to elect to take against the provisions of the will, under section 18 of the Decedent Estate Law (*Matter of Byrnes,* 260 N. Y. 465).

The testator having been survived by children, the widow's intestate share, in satisfaction of her right of election as fixed by the statute, is one third of the net estate.

The amount to be withdrawn by the widow shall be equitably apportioned out of the pecuniary legacies and the residuary fund. In computing the widow's intestate share, the only amount to be charged against it is the value of the jewelry bequeathed to her under paragraph " I " of the will, all other articles given to her thereunder being exempt property to which she is entitled under section 200 of the Surrogate's Court Act. Under the provisions of that section, she is also entitled to receive the sum of $300, if she claims it, and not to be considered in the computation of her intestate share. The widow is also entitled to interest on her one third as allowed, to be computed at the rate earned on the general estate during administration (*Matter of Curley,* 160 Misc. 844; *Matter of Byrnes,* 149 Misc. 449).

The second question presented is whether the balance of the principal of the first trust originally created for the widow may be accelerated and presently distributed. The answer

to this question revolves on a determination of whether the remainder is vested or contingent and turns upon the intention of the testator.

The testamentary scheme and intention of testator is clear. His primary concern was his two infant daughters, whom he made his chief beneficiaries. The trust of two fifths of the residuary was created to provide an income for his widow during life or until her remarriage, with remainder to his daughters should they survive either event. This purpose has been defeated by the election of the widow and consequently, " there is no longer any basis for assuming that the [testator] intended to have the fund tied up notwithstanding this failure of its real purpose." (*Matter of Devine,* 147 Misc. 273, 278; *Matter of Disston,* 257 Pa. 537; *Matter of Lonergan,* 303 Pa. 142.) Accordingly, the remainder of the principal of that first trust after deduction of the contribution therefrom toward the widow's intestate share is accelerated and presently payable to testator's daughters. The cases cited in opposition to acceleration are distinguishable. *Matter of Byrnes* (149 Misc. 449, *supra*) and *Matter of Duignan* (85 N. Y. S. 2d 846) involved contingent remainders; in *Matter of Kent* (180 Misc. 567) the remainder was to a class, and in *Matter of Atkinson* (91 N. Y. S. 2d 631) there was a life estate with income payable to both surviving spouse and daughter.

The court determines that it was the intent and purpose of testator under the terms of paragraph " VIII (b) " of his will to provide for two separate trusts, in equal shares, one for each daughter, with the income payable to such daughter for life. Upon the death of either daughter, leaving issue, the corpus of the trust erected for her benefit is distributable to such issue, per stirpes, and, in default of issue, the principal is to be added to the trust of the surviving daughter. Upon the death of the survivor her trust, as then constituted, is distributable to her issue, per stirpes, and if she leave no issue, an alternative disposition is provided.

As each daughter attains her eighteenth birthday and on each succeeding birthday, she is entitled to a payment out of the principal of the trust for her benefit of the sum of $2,000.

The question of administering the two trusts *in solido* is one to be determined by the trustees and if so administered, one half must be earmarked for each daughter (see, *Leach* v. *Godwin,* 198 N. Y. 35, 41).

The executors are authorized to abandon the worthless securities listed in their account.

Taxes should be prorated under section 124 of the Decedent Estate Law, there being no exoneration of any of the legacies under the will and the widow must bear her proportionate share on her one third.

The fee requested by the attorney-executor is not unreasonable and will be allowed, together with actual out-of-pocket disbursements.

The fee as allowed is to include all services rendered up to and including the decree on this accounting and distribution as may be directed thereunder.

Proceed accordingly.