In the Matter of the Estate of BENJAMIN SCHWARTZKOPF, Deceased.

Surrogate's Court, Kings County, March 19, 1954.

*Jacob Kirschenbaum* for Rose Schwartz, petitioner.

*John M. Johnston,* special guardian for infant, respondent.

*Oscar Fensterheim* for Mesivta Yeshiva Rabbi Chaim Berlin, respondent.

*Julius L. Schapira* for Beth Tomche Torah Vezikneh Yisroel, Inc., respondent.

*Nathaniel L. Goldstein, Attorney-General (Kenneth D. Shearer* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

RUBENSTEIN, S. Testator's widow seeks a determination of her right of election against his will. He bequeathed $1 to each of four children, $2,000 to his daughter, Dora; $1,000 in trust for a grandson; and the residue in trust, one half for his widow, and one quarter each for the benefit of two religious institutions. The trust provisions for the widow were " To pay weekly to my said wife the sum of Twenty ($20.) Dollars out of the income of my said wife's trust fund during her lifetime, and if the income shall be insufficient for that purpose to pay weekly out of the principal of said trust fund so much as shall be necessary to make up the sum of Twenty ($20.) Dollars weekly to my said

wife during her lifetime." Upon the widow's death the trustees were directed to "transfer and set over the principal and profits, if any, of said trust fund * * * as shall then remain * * * in fee simple absolute to my said daughter Dora Held ". He alternatively provided that should the daughter predecease him or the widow and be survived by a child or children, such child or children were given, by words of present gift, "the principal and profits, if any, of said trust fund * * * as shall * * * remain " upon the widow's death, and if the daughter so predeceased but without issue, then "the principal and profits, if any " etc., were to be transferred and set over to the daughter's executors or administrators.

The net estate is presently incapable of approximation as it is alleged that the widow intends to file a claim against the estate in a substantial sum upon the claim of a constructive trust. The value of the estate is, however, presently immaterial as the court is of the opinion that even if the residuary trust directed to be created for the widow were in fact equal to or greater than a one-third interest in the estate—the widow's intestate share—it would not comply with the provisions of paragraph (g) of subdivision 1 of section 18 of the Decedent Estate Law, as all the income thereof is not payable to her.

While it is clear from article Eighth of testator's will, under which the widow's trust was authorized, that testator intended such trust to be solely for the widow's benefit, it is equally clear that he limited her benefits thereunder to a specified sum, notwithstanding the possibility that the trust might produce income in a greater sum than $20 weekly. The provisions disposing of the trust fund upon the widow's death applies to the "principal and profits, if any "; the word "profits " is susceptible of interpretation as meaning "income " as capital gains or profits automatically become a part of the principal without the necessity of separately identifying it. (*Matter of Sherman,* 154 Misc. 289.)

To qualify for the statutory trust the surviving spouse must have the right to the use of all or a particular share of the trust (*Matter of Withall,* 274 App. Div. 846, revg. 191 Misc. 1016; *Matter of Schmidt,* 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787). The fact that the weekly sums payable to the widow are charges on both income and principal is immaterial as capitalization of the value of a specified annuity for life is not permissible under the provisions of paragraph (g) of

subdivision 1 of section 18 of the Decedent Estate Law (*Matter of Schmidt, supra*; *Matter of Vitale,* 118 N. Y. S. 2d 773), and the court, therefore, determines that the widow has an absolute right to elect to take against the provisions of the will.

The purpose of the widow's trust is frustrated by her election, and " ' there is no longer any basis for assuming that the [testator] intended to have the fund tied up ' " (*Matter of Giddings,* 198 Misc. 536, 539) and as the remainder is vested in the testator's daughter, Dora, it is accelerated (*Matter of Levy,* 171 Misc. 431).

The annuity granted to the widow is capable of valuation, based upon her life expectancy (Rules Civ. Prac., rule 30) which should be so computed and deducted from the trust directed to be created for her benefit, and the remainder, if any, of said trust together with the other three trusts and general legacies shall proportionately make up the difference (*Matter of Curley,* 160 Misc. 844) " There being found in the will of this deceased no ' testamentary intent ' which relates to the source of payment of the intestate share " (*Matter of Goldsmith,* 175 Misc. 757, 761).

Submit decree, on notice, accordingly.