S. Samuel Di Falco, S.
The Fifth article of the will of the testatrix created a trust of one third of her residuary property for the benefit of her son Herbert B. Gans. The income beneficiary of this trust died in 1954 survived by a widow and issue. The trustee requests a judicial settlement of its account and a *346 construction of subdivision (b) of the Fifth article of the will which provides: “If either of my sons survive me and subsequently die leaving a widow who was alive at the time of my death, I direct that my trustee pay to said widow annually as long as she lives Ten Thousand dollars ($10,000) per year out of the net income of the part set apart for my said son, and the balance of the income of said part annually in equal shares to his issue, if he leave any, per stirpes and not per capita, and if he leave none, I give, devise and bequeath said income to his next of kin. On the death of said widow, I direct that my said Trustee shall distribute the principal of said part and any undistributed income to the issue of my said son, if he leave any, in equal shares, per stirpes and not per capita, and if not, I give, devise and bequeath the same to his next of kin.”
It is held that the son’s widow is entitled during her lifetime to annual payments of $10,000 each from the net income of the trust and that such annual payments are to be computed from the date of the son’s death. (Matter of Bird, 241 N. Y. 184.) The will requires that payments be made at the end of each full annual period and the provisions of section 204 of the Surrogate’s Court Act operate to entitle the widow to a proportion of the income for any period of less than one year which may intervene between an anniversary of the son’s death and the date when the trust shall terminate (Kearney v. Cruikshank, 117 N. Y. 95; Matter of Ferris, 286 App. Div. 794). The will provision that upon the widow’s death the trustee distribute the trust principal ‘ ‘ and any undistributed income ’ ’ to remaindermen is an express stipulation against apportionment of all income in conformity with section 204 of the Surrogate’s Court Act. Income actually received by the trustee during the trust period will not be payable to the remaindermen (Matter of Watson, 262 N. Y. 284) but income accruing during the widow’s lifetime and payable after her death will be distributable to the remaindermen by reason of the directions in the will (Matter of McManus, 282 N. Y. 420; Matter of Krauthoff, 265 N. Y. 477; Matter of Culver, 57 N. Y. S. 2d 598, affd. 268 App. Div. 972, revd. on other grounds 294 N. Y. 321; Matter of Walbridge, 192 Misc. 746; Matter of Lanier, 195 Misc. 457; Matter of Cramer, N. Y. L. J., May 28, 1951, p. 1971, col. 3).
Submit decree on notice construing will and settling the account.