Maximilian Moss, S.
The petitioners as executors seek a determination as to the validity and effect of the notice of election served by testator’s widow pursuant to section 18 of the Decedent Estate Law.
Testator’s will directs payment of his debts and funeral expenses, bequeaths to his wife his household and personal effects and creates a trust of his residuary estate providing that the net income therefrom shall be payable, to the extent of $100 *1008 monthly, to his wife for life “in lieu of and for her dower ” and at her death, to the extent of $50 monthly, to a sister, Sophie Gersh, for life. It also authorizes the use of so much of the principal of the trust funds as may become necessary to make up the difference of the monthly allowances payable to his wife or to his sister in the event the income should be insufficient for such purposes. The secondary trust terminates at the death of his sister Sophie Gersh. The balance of the principal then remaining is bequeathed in specific amounts to three named charitable institutions and the residue of the estate to testator’s sister, Lillian Gersh.
The court holds that the trust created for testator’s wife does not qualify as a substitute for her elective share of one half of his net estate and is ineffective. The widow, therefore, has an absolute right to elect to take against the will. The rule is that to preclude a surviving spouse from electing against a will testator must give the surviving spouse an outright gift equal to the elective share of the estate, or a gift of all of the income of a trust fund equal to such share, or a combination of gifts which in the aggregate is equal to such elective share. Only the capital value of testator’s estate at his. death, and not of the income therefrom, may be considered to ascertain whether or not a surviving spouse will receive her intestate share under the will. (Decedent Estate Law, § 18, subd. 1, par. [g]; Matter of Schwartzkopf, 205 Misc 985, 987; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Withall, 274 App. Div. 846; Matter of Reis, 182 Misc. 754. See, also, Matter of Curley, 160 Misc. 844; Matter of Wardi, 129 N. Y. S. 2d 279, affd. 284 App. Div. 978; Matter of Bevan, 185 Misc. 192.)
The court further holds that the fund for the secondary trust, which remains effective, and for distribution to the remainder-men at the death of Sophie Gersh will be reduced by the amount required to satisfy the widow’s elective share. The trust will be set up as of testator’s date of death with income to the extent of $50 monthly to Sophie Gersh and balance thereof to Lillian Gersh as the person who is entitled to the next eventual estate, and the terms of the will shall otherwise remain effective.