Maximilian Moss, S.
The executor seeks a determination of the surviving spouse’s right of election against testator’s will. The testator bequeathed 25% of his estate to two sisters, and gave the residuary estate in trust. From the income and principal of the latter, he gave his wife $200 monthly for life; authorized principal invasions of $500 yearly for emergencies; and upon his wife’s death, a division of the remaining corpus was to be made equally among three named persons or the survivors. In addition, all of testator’s jewelry, clothing, household and personal effects were bequeathed to the widow.
To qualify for a trust sufficient to satisfy the statute, the surviving spouse must have the right to the use of her particular share of the trust, and the fact that monthly sums are payable to the widow as charges upon both income and principal is not sufficient fully to avoid the widow’s right of election under section 18 (subd. 1, par. [g]) of the Decedent Estate Law (Matter of Schwartzkopf, 205 Misc. 985; Matter of Gersh, 14 Misc 2d 1007).
As she was not given the right to income produced under the trust sufficient in value to meet the statute, the court determines that the widow has an absolute right to elect to take against the will. The widow will be entitled under her election to a one-half share of the net estate as defined under paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law.
*105 The bequest to the widow under paragraph “ Second ” of the will of jewelry, clothing, household and personal effects come within the definition of exempt property under the provisions of section 200 of the Surrogate’s Court Act and should be excluded in computing the widow’s share (Matter of Miles, 131 N. Y. S. 2d 328). The annuity granted to the widow is capable of valuation based upon her life expectancy (Rules Civ. Prac., rule 30). The value thereof shall be applied in partial satisfaction of the widow’s intestate share, and the balance due the widow under her election shall be paid from the general legacies which proportionately shall make up the difference of said intestate share (Matter of Curley, 160 Misc. 844) as there is no testamentary intent with respect to the source of payment of the intestate share (Matter of Goldsmith, 175 Misc. 757, 761).
The widow’s trust having been frustrated by her election, and there being no basis for assuming that the testator intended to have the fund tied up (Matter of Giddings, 198 Misc. 536, 539), and the remainder being vested in the named remaindermen, the court determines that such remainder is accelerated. Submit decree.