Maximilian Moss, S.
The executrix seeks a determination of the validity of the notice of election served and filed by the surviving spouse to take against testator’s will. By paragraph “ Second ” of his will testator devised a certain parcel of real property situated in the County of Kings to his surviving spouse together with the household furniture therein. No issue is presented with respect to said property inasmuch as the parcel of real property was owned by testator and his wife as tenants by the entirety and she became vested with the entire ownership thereof upon his death. The bequest of household furniture is not disputed. By paragraph ‘ ‘ Third ’ ’ testator devisee! and bequeathed all the rest, residue and remainder of his estate in trust. From the income, and. if the income *715 is. not sufficient, out of principal, the trustees were directed to pay $100 per month to the widow for her support and maintenance during her lifetime and, in addition, to pay the widow’s medical and dental expenses and the carrying charges of said real property owned by her. The will further provided that the surviving spouse shall be paid $2,500 in no event later than one year after testator’s death. Upon the death of testator’s wife, the trustees were directed to give $1,000 to the widow of testator’s predeceased son, Max, and to divide the remainder in three equal parts. One part of said remainder was to be distributed among each of testator’s two children, Ceil and Saul, and one part among Max’ three children. Testator’s son, Saul, has since died leaving him surviving three children. Testator’s daughter, Ceil, is the sole surviving trustee. In view of the widow’s notice of election to take against the will, no payments have been made to her pending the determination of the validity of such election.
To qualify for a statutory trust the surviving spouse must have the right to the usé of all the income from the particular share of the trust (Matter of Withall, 274 App. Div. 846, revg. 191 Misc. 1016 ; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787). The fact that the monthly payments of $100 to the widow are charges upon both income and principal and that additional payments are authorized for medical expenses and for carrying charges of the realty is immaterial and not sufficient to bar the widow’s right of election under paragraph (g) of subdivision 1 of section 18 of the Decedent Estate Law (Matter of Vitale, 118 N. Y. S. 2d 773).
The deficiency of the trust provided for the widow under the will is not supplied by the bequest of $2,500.. The court therefore determines that the widow has an absolute right to elect to take against the provisions of the will.
The purpose of the widow’s trust is frustrated by her election. There is no basis to assume that testator intended to have his estate tied up beyond the term of the trust (Matter of Giddings, 198 Misc. 536, 539) and inasmuch as the remainder is vested in testator’s daughter and issue of his two predeceased sons, the said remainder is accelerated (Matter of Levy, 171 Misc. 431).
The widow and all other interested persons have entered into an agreement subject to the approval of the Surrogate providing for the payment of a gross sum to the widow and the remainder to testator’s daughter and six grandchildren, after payment of administration expenses and a legacy in the sum of $1,000. The agreement is approved.