Maximilian Moss, S.
This proceeding by the executors seeks a determination as to the validity and effect of the widow’s election to take an intestate share of the decedent’s estate, and construction of several articles of the will,
Testator died September 6, i960 survived by his widow, Fannie and Milton, an only ion, His will was admitted to probate on October 21, 1960. Under the will’s “$hE8U” article, testator made several bequests amongst which are included an outright gift of $10,000 to his widow and $8,000 to his son. The ‘‘ ióüets ” article created a trust of the residuary estate and directed that out of its income $300 monthly was to be paid Ms widow for life for her support and maintenance and the sum of $200 monthly to the son “ out of the residue and net income of the trust for a period of five years from the date of my death, or until Ms death, whichever event occurs first.” The final sub*division of the said article provides a gift of $10,000 to Milton “ upon the termination of the five year period ” during which monthly payments are ‘‘ to be paid him.” The “ Birrs ” article provides for the trust’s termination upon the Widow’s death when “ the principal of said trust, together with all income and accumulations shall he paid to my son * * * absolutely and forever, whether said event Occurs prior to the five (8) year period mentioned above Or subsequent thereto.zz ’ ’ The 1 ‘ sixth ’ ’ article is a substitutionary provision, if the son should die prior to the trust’s termination, the corpus is given to the son’s issue ” share and share alike ”, or in default of issue, as the son shall appoint. If the income of the trusts created was insufficient for the payments directed by the “ fourth” article, the trustees were authorised by the ” givurriE ” article to utilise sueh part of principal as necessary to meet any income deficiencies.
The aggregate of the provisions in a will, in trust or otherwise, may not be less than a surviving spouse’s elective share. If such share be less, the widow may elect to take absolutely the differ*enes between the aggregate amount given to her by the will and her Intestate share not to exceed one half of the estate (Matter of Curley, 151 Misc. 664, mod. 245 App. Div. 255, affd. 269 N. Y. 548; Matter of Reis, 182 Misc. 764), “ The minimum gift which will validate the will is a use for life of that which in intestacy she would receive outright ’ ’ and the testator may not impair this irreducible minimum (Matter of Bommer, 159 Misc. 511, 520-521). The value of the trust principal, not the capitalized value of income, has been enunciated as determinative of the right to elect (Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Sheppard, 189 Misc. 367; Matter of Gersh, 14 Misc 2d 1007). The provision for the widow *27 is inadequate since it cannot be determined that the widow would receive an interest meeting the statutory requirements,
The widow is entitled to her intestate share in one third of the testator’s net estate to be computed after the payment of debts, funeral and administration charges but before payment of estate taxes thereon as provided under section 18 (subd, 1, par, [a]) of the Decedent Estate Law, In computing the intestate share, the outright bequest given, to the widow under article ** rara» ” subdivisión u A ” shall he charged against it.
The court having found in favor of the widow’s right of election, a construction of the will’s several articles must be made to determine whether the valid exercise of the widow’s election accelerated the trust’s remainder,
The trust was created to provide a fixed income for the widow during her life and a fixed income for testator’s son during the life of the widow with the remainder over to the son, This purpose has been frustrated by the widow’s election and since the remainder to the son Milton is vested (Real Property Law, § 40; Matter of Levy, 171 Misc. 431) there is no basis for assuming that the fund was to be tied up notwithstanding the failure of its real purpose (Matter of Devine, 147 Misc. 273, 278; Matter of Giddings, 198 Misc. 536), The remainder of the residuary trust set up in article u vqubtb ” of the will is therefore accelerated and may be paid outright to the son (Matter of Levy, supra; Matter of Schwartzkopf, 205 Misc. 985).