Joseph A. Cox, S.
This is a construction proceeding to determine whether or not testator’s widow may elect to take against the will because of its failure to comply with the provisions of section 18 of the Decedent Estate Law. She asserts such right by reason of paragraph first of the will read in conjunction with paragraph fourth (o). They provide as follows:
1 ‘ FIRST
‘1 If. my wife, lotte g. seruau, survives me, then I give to my Trustee as much of my net estate as she would have the right to elect to take by virtue of the laws of the State of New York, or any other State in which I may die domiciled, to hold ie trust and pay the income therefrom annually or oftener to her during her lifetime, and upon her death to pay the principal and any undistributed income into my residuary estate and to be disposed of as provided in paragraph third hereof.” * * *
‘ ‘ FOURTH
1 ‘ I give and grant unto my Executor and Trustee, or substitute, the powers, authority and discretion, to: * * *
“ c. Transfer to any beneficiary absolutely the whole or any part of the corpus of any trust fund as he, in his uncontrolled discretion, shall deem wise and proper, without being accountable to any Court or to any person for the exercise or non-exercise of these completely discretionary powers.”
It must be recognized that, if the widow does not have an absolute right of election, she at least has a limited election to demand the sum of $2,500 pursuant to paragraph (b) of subdivision 1 of section 18. However, she asserts the right of full election and contends (1) that the words “ any undistributed income ” in paragraph first might permit the trustee to distribute less than the entire net income to her, (2) that the trustee may in his discretion, under paragraph fourth, invade the corpus of her trust for other beneficiaries, and (3) that the nature of the main asset, stock in a closely held corporation, may permit manipulation of the corporate holdings in such a manner as to deprive her of her rightful intestate share.
An answer has been interposed by the executor and the residuary legatees, consisting of a general denial and an assertion that *350 the provisions of paragraph fourth do not permit an invasion of the corpus of the trust under paragraph first for the benefit of the beneficiary of the residuary trust under paragraph third of the will.
With regard to the widow’s contention that the will authorizes diminution of her trust for the benefit of other persons, it is clear to the court that the provisions of paragraph fourth do not permit an invasion of the widow’s trust for the benefit of any person other than the widow (Matter of Liberman, 6 Misc 2d 396, revd. 4 A D 2d 512, affd. without opinion 5 N Y 2d 719). In the cited case the court distinguished Matter of Wittner (301 N. Y. 461) where it was held that the unambiguous language of the will indicated testatrix’ intention to permit invasion of the husband’s trust for the benefit of his children. The court in Matter of Liberman held that in the will before it, similar to ours, no such intention was shown, and that the will properly construed did not authorize such an invasion. The court holds that a proper construction of the will in this respect is that testator intended to give his wife a trust of her intestate share without permitting invasion of the corpus for any other beneficiary.
With respect to the petitioner’s reference to the peculiar nature of the assets and her fear that the fiduciary’s action in regard thereto might redound to her detriment, the widow admits that testator left little personal property and that the corporate holding constitutes the main asset of the estate. As pointed out in Matter of Shupack (1 N Y 2d 482, 488-489): “ Nor does our decision mean, or even remotely suggest, that the widow would lack a remedy if the designated trustee were to prove faithless to the trust or were so to conduct and manage its affairs as to prejudice or discriminate against her interests. (See, e.g., Matter of Hubbell, 302 N. Y. 246.) All we are now holding is that, where a testator has left to his spouse one third of all of Ms property, fairly and equitably divided, either outright or in trust in accordance with the provisions of the Decedent Estate Law, the fear or possibility of misconduct on the part of the trustee or of the corporate directors, managing the property, does not give rise to a right of election under section 18.”
The first point raised by petitioner, however, presents a more serious problem. The direction of the testator that upon his widow’s death the trustee pay the principal “ and any undistributed income ’ ’ into the residuary estate has been held to be a stipulation against apportionment of income pursuant to section 204 of the Surrogate’s Court Act (Matter of Gans, 7 Misc 2d 345 and eases cited).
*351 In Matter of Gans (supra, p. 346) the court stated: “ The will provision that upon the widow’s death the trustee distribute the trust principal ‘ and any undistributed income ’ to remainder-men is an express stipulation against apportionment of all income in conformity with section 204 of the Surrogate’s Court Act. Income actually received by the trustee during the trust period will not be payable to the remaindermen (Matter of Watson, 262 N. Y. 284) but income accruing during the widow’s lifetime and payable after her death will be distributable to the remaindermen by reason of the directions in the will (Matter of McManus, 282 N. Y. 420; Matter of Krauthoff, 265 N. Y. 477; Matter of Culver, 57 N. Y. S. 2d 598, affd. 268 App. Div. 972, revd. on other grounds 294 N. Y. 321; Matter of Walbridge, 192 Misc. 746; Matter of Lanier, 195 Misc. 457; Matter of Cramer, N. Y. L. J., May 28, 1951, p. 1971, col. 3).”
In Matter of McManus the expression was * ‘ accrued income ’ ’, in Matter of Krauthoff “ income not paid over ”, in Matter of Walbridge “ any undistributed income ”. In Matter of Lanier where the phrase “ and any unexpended income thereof ” was held to be a stipulation against apportionment, the Surrogate, commenting on the cases, stated (p. 458): “ In Matter of Krauthoff (265 N. Y. 477) a testamentary provision that the remainder-men be paid the trust estate ‘ including income therefrom not paid over to my said wife [the life tenant] ’ was held to constitute an express stipulation against apportionment of accrued income. In Matter of Walbridge (192 Misc. 746) a like determination was made in construing a direction that the remainder-men be paid the principal of the trust fund and 1 any undistributed income. ’ The text in the will of decedent is hut a paraphrase of the locutions employed in the wills under consideration in the cited cases.”
In Matter of Dreicer (155 Misc. 817) the testator created a trust for the life benefit of his mother, directing the trustees upon her death “ to hold and dispose of said fund, and any accrued income thereon, as part of my residuary estate.” On her death it was contended that income earned to that date but not then due and collectible should be paid to her estate. The court stated (pp. 818-819):
“ I hold that the direction to dispose of the fund 1 and any accrued income thereon ’ as part of the residuary estate is a lawful stipulation against apportionment within the purview of section 204 of the Surrogate’s Court Act. (Matter of Juilliard, 238 N. Y. 499; Matter of Dexter, 134 Misc. 195.) Practically identical language was similarly construed by me in Matter of Lexter (supra). In Matter of Watson (144 Misc. 213, at p. 232) *352 Surrogate Slater, pointed out the distinction between the phrases ‘ accrued income ’ and ‘ accumulated income. ’ He thus distinguished the cases holding that there could be a stipulation against the apportionment of * accrued income ’ from the cases holding that there could be no such stipulation as to ‘ accumulated income.’ His decision on this point was affirmed in the Appellate Division and in the Court of Appeals (237 App. Div. 625; modfd., 262 N. Y. 284).
“ It is further contended that the direction in the will to dispose of the accrued income as part of the residuary estate is a direction to add such income to the principal of the residuary trusts which would result in an illegal accumulation in violation of the statute. (Pers. Prop. Law, § 16.) No such construction can be placed on the language of the will. The income in question is in the same category as all other income which is not payable to the estate of a deceased life tenant in the ordinary case where primary and secondary trusts are created. The fund in question was specifically earmarked as income by the testator. He made no express direction to add such income to the principal of the residuary trusts. He will not be presumed to have intended an illegal accumulation. (Matter of Rocker, 248 N. Y. 361.)
‘ ‘ The income in question should, therefore, be distributed proportionately to the life beneficiaries of the residuary trusts.”
It is clear that under the language of the instant will the widow is not assured of the entire undiminished income from the trust and in this regard, the trust provision fails to meet the requirements of section 18 of the Decedent Estate Law (Matter of Schmidt, 171 Miscx. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Heede, 29 Misc 2d 103; Matter of Gersh, 14 Misc 2d 1007; Matter of Bommer, 159 Misc. 511; Matter of Leporati, 126 N. Y. S. 2d 742; Matter of Vitale, 118 N. Y. S. 2d 773). As stated in Matter of Haubenstock (28 Misc 2d 714, 715): “To qualify for a statutory trust the surviving spouse must have the right to the use of all the income from the particular share of the trust (Matter of Withall, 274 App. Div. 846, revg. 191 Misc. 1016; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787). The fact that the monthly payments of $100 to the widow are charges upon both income and principal and that additional payments are authorized for medical expenses and for carrying charges of the realty is immaterial and not sufficient to bar the widow’s right of election under paragraph (g) of subdivision 1 of section 18 of the Decedent Estate Law (Matter of Vitale, 118 N. Y. S. 2d 773).”
*353 Despite the evidently sincere protestations of respondents that they will see to it that the widow receives her rightful share, the court in construing the Avill is not at liberty to vary or modify its terms to bring it within the provisions of section 18 of the Decedent Estate Law. In Matter of Wittner (301 N. Y. 461, 465) the Court of Appeals said: “ Courts have no right to vary or modify the terms of a will to bring a gift to the spouse Avithin the provisions of section 18. As we said in Matter of Durand (250 N. Y. 45, 54), ‘ In declaring a testator’s intention * ° * courts are limited to the words which the testator, himself, has used in his will. ’ And at page 55, ‘ Even if we thought that [the testator] would have followed the interpretation Avhich the lower courts have put upon this will, the fact is he did not do so, and the courts cannot reconstruct Avills in accordance Avith the near intention of the maker. * * * No power of revision of wills is intrusted to the courts. ’ And in Manion v. Peoples Bank of Johnstown (292 N. Y. 317, 321), ‘ Courts are not at liberty to inquire as to a testator’s understanding or appreciation of the legal implications of words that were selected for him by a draftsman of his will. ’ It follows that appellant has an absolute right of election under subdivision 1 of section 18. ”•
The court, therefore, holds that the widoAV has validly exercised her absolute right of election and is entitled to take outright her intestate share as against the provisions of the will.